**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JOSHUA DUGGAR**                                                                     **PLAINTIFF**

vs.                           **CASE NO. 5:17-5125-TLB**

**CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS,
DEPARTMENT OF HUMAN SERVICES;
DOUG SPROUSE, in his official capacity;
KATHY O'KELLEY, in her individual and
official capacities;
ERNEST CATE, in his official capacity;
RICK HOYT, in his official capacity;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.;
BAUER, INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC;
CROSS, GUNTER, WITHERSPOON &
GALCHUS, P.C., and
DOES 1-10, inclusive**                                           **DEFENDANTS**

**MOTION TO STAY SUBMITTED ON BEHALF OF
SEPARATE DEFENDANTS CITY OF SPRINGDALE, DOUG SPROUSE IN HIS
OFFICIAL CAPACITY, ERNEST CATE, IN HIS OFFICIAL CAPACITY, AND KATHY
O'KELLEY IN HER INDIVIDUAL AND OFFICIAL CAPACITIES**

COMES NOW, Separate Defendants, City of Springdale, Doug Sprouse ("Sprouse"), in his official capacity, Ernest Cate ("Cate"), in his official capacity, and Kathy O'Kelley ("O'Kelley"), in her individual and official capacities (collectively referred to herein as the "Springdale Defendants") and for their Motion to Stay ("Motion") state:

### I.    INTRODUCTION

The Plaintiff has sued the Springdale Defendants alleging that they violated the Plaintiff's constitutional rights and committed certain intentional torts by releasing a redacted police report

pursuant to the Arkansas Freedom of Information Act ("FOIA").  The Plaintiff, as stated in his Complaint, has alleged the following six causes of action against the City Defendants: 1) tort of invasion of privacy – public disclosure of private fact in violation of Arkansas law; 2) tort of invasion of privacy – intrusion upon seclusion in violation of Arkansas law; 3) tort of outrage in violation of Arkansas law; 4) violation of Arkansas Constitution – due process; 5) violation of 42 U.S.C. § 1983 – Fourteenth Amendment Due Process; and 6) violation of 42 U.S.C. § 1983 – *Monell*.  These six causes of action alleged against the Springdale Defendants can generally be categorized as three tort claims and three constitutional claims.

The Springdale Defendants have filed a motion to dismiss Plaintiff's claims against them in their entirety as a matter of law and also pursuant to Fed. R. Civ. P. 12(b)(6) on the bases that: 1) O'Kelley, individually, is entitled to qualified immunity on Plaintiff's constitutional claims; 2) all Springdale Defendants are entitled to both statutory and qualified immunity from the Plaintiff's tort claims; 3) the Plaintiff has failed to state a claim for constitutional violations against the City of Springdale; and 4) the Plaintiff has failed to state a claim for state tort claims against Springdale Defendants.  For the reason set forth below, the Springdale Defendants request that this Court stay this proceeding in its entirety pending the resolution of the qualified and statutory immunity issues.

Contemporaneously with the filing of this Motion, Separate Defendants are submitting a motion to consolidate this case ("Josh Duggar Case") with another case currently pending before this Court, Case No. 5:17-5089-TLB ("the First Duggar Case") pursuant to Fed. R. Civ. P. 42(a) as the two cases share essentially identical questions of law and fact.  In the First Duggar Case, Separate Defendants submitted a Motion to Stay and supporting briefs for the same reasons set forth herein (Case No. 5:17-5089-TLB, Docket No. 23 and 24).  By order dated July 20, 2017,

this Court entered an Opinion and Order granting in party and denying in part the Motion to Stay (Case No. 5:17-5089-TLB, Docket No. 35).

## II.     LEGAL ARGUMENT

The Springdale Defendants request that the Court stay the pre-trial activities, as described below in this proceeding pending the resolution of the motion to dismiss on immunity grounds and during the pendency of any subsequent interlocutory appeals that may follow. The Springdale Defendants request that the stay include a stay of the Rule 26(f) Conference, Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), Rule 26(f) Report, any other action required under Fed. R. Civ. P. 26, deadlines to amend the pleadings or file third party claims, any further scheduling, discovery, and trial. Should this Court order a stay, the Springdale Defendants further request that the Court enter a protective order precluding the Plaintiff or his agents or representatives from using the Arkansas FOIA to circumvent the ordered stay.[1]

A stay pending resolution of the qualified and statutory immunity issues is appropriate here. Qualified immunity is an immunity from suit, not a mere defense to liability. The Supreme Court has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172

---

[1] Arkansas FOIA recognizes that courts can limit access to documents. See Ark. Code Ann. § 25-19-105(b)(8) ("Documents that are protected from disclosure by order or rule of court" are not subject to disclosure.) Arkansas courts also recognize that even under Arkansas's broad FOIA law, a "trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders[.]" *City of Fayetteville v. Edmark*, 304 Ark. 179, 192, 801 S.W.2d 275, 282 (1990). Federal courts also have the authority to regulate discovery. See Fed. R. Civ. P. 26. Arkansas federal courts have issued orders limiting or precluding the use of FOIA by litigant parties. *See, e.g., Sanders v. Davis,* Case No. 5:12-CV-00017 KGB (E.D. Ark. May 3, 2013), Doc. No. 15 (providing temporary reprieve from complying with Arkansas FOIA to allow court to study issue); *McMillan v. Live Nation Entertainment,* Case No. 4:11-CV-00332 JMM (E.D. Ark. May 24, 2011), Doc. No. 22 (creating rules for Arkansas FOIA requests); *Frazier v. The City of Pine Bluff, Arkansas*, Case No. 5:16-CV-00135 BSM (E.D. Ark. August 5, 2016), Doc. No. 25 (creating rules for Arkansas FOIA requests).

L.Ed.2d 565 (2009) (quotation omitted).  "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991).  The United States Supreme Court, in addressing qualified immunity, specifically held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Siegert, v. Gilley,* 500 U.S. at 233.   As explained by the United States Supreme Court, the benefit conferred by qualified immunity to individual officials is, for the most part, lost as litigation proceeds past motion practice.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S. Ct. 684, 685, 121 L. Ed. 2d 605 (1993).

The Springdale Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.  A stay of the pre-trial proceedings is appropriate as the Complaint may be dismissed, in whole or in part, by this Court or on an appeal as of right.   Furthermore, discovery would not affect resolution of the Motion to Dismiss and would be wasteful and burdensome at this point.   Finally, the Plaintiff cannot establish prejudice with respect to the requested stay.

If the Court declines to issue a stay of the pre-trial proceedings, justice and governing law require that the Court to issue an order limiting the pre-trial litigation pending the resolution of the immunity issues, including during the pendency of any interlocutory appeals.   The Court has great flexibility in determining the time, manner and scope of discovery. *See, Crawford-El v. Britton,* 523 U.S. 574, 597–98, 118 S. Ct. 1584, 1596, 140 L. Ed. 2d 759 (1998) (holding the trial court must exercise its discretion in a way that protects the substance of the qualified immunity

defense so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.) Such flexibility allows the Court to create a discovery plan which best serves the interests of justice and the needs of a particular case. See Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); 16(c)(6) (recognizing the Court's authority to control the scheduling of discovery and disclosures); 16(c)(16) (recognizing the Court's ability to take appropriate action "to facilitate the just, speedy, and inexpensive disposition of the action").

### III.   CONCLUSION

For the reasons set forth herein, the Springdale Defendants respectfully request that this Court stay any and all pre-trial proceedings as described herein above in this case until such time as the qualified and statutory immunity issues are resolved, whether by resolution of the pending Motion to Dismiss or any interlocutory appeals that may follow as a matter of right. Additionally, Separate Defendants request a protective order precluding the Plaintiff from using the Arkansas FOIA to circumvent such a stay.

Respectfully Submitted,

/s/ Thomas N. Kieklak
Thomas N. Kieklak (Ark. Bar No. 92262)
Email:  tkieklak@arkansaslaw.com
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail:  jeichmann@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

        Susan Keller Kendall (Ark. Bar No. 98119)
        KENDALL LAW FIRM, PLLC
        3706 Pinnacle Hills Parkway, Suite 201
        Rogers, Arkansas 72758
        Email:  skk@kendalllawfirm.com
        Phone: (479) 464-9828
        Fax: (479) 464-9768
        **COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on 10th day of August, 2017, a true and correct copy of the above and foregoing was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

| | |
|---|---|
| Travis W. Story<br>Gregory F. Payne<br>Story Law Firm, PLLC<br>438 Millsap Road, Suite 103<br>Fayetteville, AR 72703<br>travis@storylawfirm.com<br>greg@storylawfirm.com | Edwin Lee Lowther , Jr.<br>Wright Lindsey Jennings LLP<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, AR 72201<br>(501) 371-0808<br>Fax: (501) 376-9442<br>elowther@wlj.com |
| Cynthia W. Kolb<br>CROSS, GUNTER, WITHERSPOON &<br>GALCHUS, P.C.<br>500 President Clinton Avenue<br>Suite 200<br>Little Rock, AR 72201<br>ckolb@cgwg.com | Elizabeth Anne McNamara<br>Jamie Somoza Raghu<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>lizmcnamara@dwt.com<br>jamieraghu@dwt.com |

        <u>/s/ Thomas N. Kieklak</u>
        Thomas N. Kieklak (Ark. Bar No. 92262)
        HARRINGTON, MILLER, KIEKLAK,
        EICHMANN AND BROWN, P.A.
        *Attorney for Springdale Defendants*
        4710 S. Thompson, Suite 102
        Springdale, AR 72764
        (479)751-6464