IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOSHUA DUGGAR,**                                                                              **PLAINTIFF**

VS.                          NO. 5:17-cv-5125-TLB

**CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS, DEPARTMENT
OF HUMAN SERVICES; DOUG SPROUSE,
in his official capacity; KATHY O'KELLEY,
in her individual and official capacities;
ERNEST CATE, in his official capacity;
RICK HOYT, in his official capacity;
STEVE ZEGA , in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE L.P.; BAUER
MEDIA GROUP, L.P.; BAUER, INC.;
HENRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; CROSS,
GUNTER, WITHERSPOON & GALCHUS, P.C.,
and DOES 1-10, inclusive,**                                                                      **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.  INTRODUCTION**

The Plaintiff in this case has sued a host of Defendants under a number of legal causes of action. This motion and brief deal with the claims against the Separate Washington County Defendant(s). The Plaintiff purports to sue three Defendants affiliated with Washington County, Arkansas: (1) Rick Hoyt, in his official capacity, (2) Steve Zega, in his official capacity, and (3) Washington County, Arkansas. It is well-settled, however, that the official capacity claims against Hoyt and Zega are legally identical and redundant to the Plaintiff'sclaim(s) against Washington County. *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Official capacity suits represent "only another way of pleading an action against an entity of which an officer is an agent." *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55 (1978). **Furthermore, multiple official capacity claims against officials and employees of the same entity are legally identical and redundant, such that the dismissal of one precludes further**

**litigation against any of the others.** *See Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007), *cert denied*, 554 U.S. 902 (emphasis added).

In the end, then, the Plaintiff'sComplaint makes claims against only one Washington County Defendant: Washington County itself. For the reasons set forth below, Washington County is entitled to the dismissal of the Plaintiff's claims against it.

## II. ARGUMENT

As against the "Washington County Defendant(s)" - Washington County, *see supra* - the Plaintiff alleges the following six causes of action: 1) tort of invasion of privacy – public disclosure of private fact in violation of Arkansas law; 2) tort of invasion of privacy – intrusion upon seclusion in violation of Arkansas law; 3) tort of outrage in violation of Arkansas law; 4) violation of Arkansas Constitution – due process; 5) violation of 42 U.S.C. § 1983 – Fourteenth Amendment Due Process; and 6) violation of 42 U.S.C. § 1983 – *Monell*. Doc. # 1.

Despite making the above-cited six claims, the Plaintiff's Complaint fails to state a plausible claim against the Washington County Defendant(s) and dismissal of the Plaintiff's claim(s) against Washington County is, therefore, required under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Supreme Court set forth the standard for evaluating a motion to dismiss in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555; *accord Iqbal,* 556 U.S. at 678. Rather, the party seeking relief must set forth sufficient facts to "nudge[ ] the[ ] claim[ ] across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S at 556). To survive a motion to dismiss for failure to state a claim, "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp*., 561 F.3d 778, 783 (8th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

When reviewing a motion to dismiss, the Court "must accept [the pleader's] specific factual allegations as true but [need] not ... accept ... legal conclusions." *Brown v. Medtronic, Inc.,* 628 F.3d 451, 459 (8th Cir.2010) (citing *Twombly,* 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the non-moving party. *Twombly,* 550 U.S. at 554–56. The Court must *not*, however, "presume the truth of legal conclusions couched as factual allegations." *Id.*; *See also, Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). "The pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

For the reasons set out herein, the Washington County Defendant(s) is entitled to the dismissal of the Plaintiff'sComplaint.

**A.**     **No Plausible Official Capacity Claim Against Washington County - No Policy/Custom**

As noted above, the Plaintiff has sued only one Washington County Defendant, namely, Washington County itself (both nominally and through by suing Hoyt and Zega in their official capacities). Doc. #1. The official capacity claims against Hoyt and Zega are legally identical and redundant to the Plaintiff'sclaim against Washington County. *Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007), *cert denied*, 554 U.S. 902.

A governmental entity, here Washington County, may be held liable for the acts of its officials and/or employees only when those acts implement or execute an unconstitutional county policy or custom. *See Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). The county would be liable for particular officer's conduct only if the subject officer were (1) a County employee or official and (2) if the officer was implementing or executing an unconstitutional county policy or custom that (3) directly caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397(1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of

law.  *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990).  Plaintiff must show that the County "through its deliberate conduct . . . was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 526.  Vicarious liability is not an actionable claim under section 1983. *Monell v. Dept of Social Servs.*, 436 U.S. 658, 691 (1978).  Finally, the Plaintiff has not pleaded (nor can he provide any legal support for the proposition) that Major Hoyt or the former county attorney are or were County "policymakers."  *McGautha v. Jackson County, Mo. Collections Dept.*, 36 F.3d 53, 56 (8th Cir. 1994), *cert. denied,* 115 S.Ct. 2561*; Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989).

The Plaintiff has made no allegations that could possibly give rise to county liability in this case. In order to avoid the dismissal of Washington County (and/or Defendants Hoyt/Zega, in his official capacity), Plaintiff must allege that an unconstitutional county policy or custom was the "moving force" behind an underlying violation. Plaintiff has made no such allegations.  In fact, the Plaintiff has failed to state a plausible claim for underlying violation of his rights by any Washington County actor, *see infra* (of course, county policy/custom cannot possibly be the "moving force" behind a violation that did not occur).  Accordingly, Plaintiff's official capacity claim(s) against Washington County is subject to dismissal as a matter of law.

The Plaintiff's Complaint likewise fails to state a "failure-to-train" claim.  A plaintiff may establish County liability by presenting evidence demonstrating that the County had a policy or custom of deliberate indifference to known training needs and that this deliberate indifference cause an underlying violation.  *See, e.g., Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). The Plaintiff's Complaint fails to make these allegations (because there is no factual basis for the same).  As such, the Plaintiff's official capacity/county claims are subject to dismissal as a matter of law.

**B.**     **No Plausible Claim of Underlying Violation(s)**

As noted above, the Plaintiff has sued only one Washington County Defendant, namely, Washington County itself (both nominally and through by suing Hoyt and Zega in their official capacities).  Doc. #1.   In order to prevail on his claim against the County, however, the Plaintiff must allege that an unconstitutional county policy or custom, or deliberate indifference to a known

4

training need, was the "moving force" behind an underlying violation of his rights. *See supra.* Plaintiff's Complaint fails to allege facts that could plausibly lead to those conclusions. First, as noted above, the Plaintiff has failed to allege any unconstitutional county policies or customs - or deliberate indifference to known training deficiencies - related to his claims in this case. Even if he had, however, his claims would still fail because he has not stated a plausible claim for a violation of his rights. Of course, neither (1) county policy/custom nor (2) deliberate indifference to training, even if alleged (they were not), could possibly be the "moving force" behind a violation that did not occur. As such, Separate Defendant Washington County is entitled to the dismissal of the Plaintiff'sComplaint.

**1.     No plausible claim for constitutional violation(s).**

The Plaintiff's Complaint purports to assert three separate causes of action for alleged constitutional violations. Doc. # 1, "Counts" 5-7, ¶¶ 126-142. The first of the constitutional "counts" (Count 5, ¶¶ 127-132) purports to make a claim of violation of the Arkansas Constitution, but does not mention the Arkansas Civil Rights Act (ACRA), Ark. Code Ann. §§16-23-101, *et seq.*, which is the legislation that allows for suits to vindicate rights alleged under the Arkansas Constitution. Even if it had, however, Arkansas law has clearly established that the same analysis governs ACRA claims and claims brought under 42 U.S.C. 1983. *See, e.g., Robinson v. Langdon*, 333 Ark. 662, 667, 970 S.W.2d 292, 295 (1998)*; Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000). As such, the below analysis under section 1983 applies concomitantly to govern all of the constitutional privacy claims asserted against Washington County.

The Supreme Court has recognized, under the substantive component of the due process clause of the Fourteenth Amendment, a very limited privacy right arising from the disclosure of highly personal matters in a flagrantly unwarranted context by the government. *Whalen v. Roe,* 429 U.S. 589, 598-600, 97 S.Ct. 869, 876 n. 23, 51 L.Ed.2d 64 (1977). This right to privacy actually encompasses two separate types of interests. *Id.* at 598–99, 97 S.Ct. at 875–76. Of course, in order to prove a constitutional violation under the substantive component of the Fourteenth Amendment "a plaintiff must show (1) that the official violated one or more fundamental constitutional rights,

5

and (2) that the conduct of the executive official was shocking to the 'contemporary conscience.'" Truong, 829 F.3d at 631 (quoting *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007)). The "shocks-the-conscience" test presents a high bar for Buckley to reach. His claim against the AG Defendants must involve conduct "so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism . . . that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Id. (quoting *Moran v. Clarke*, 296 F.3d 638, 647 (8th Cir. 2002)).

In light of the high standard for substantive due process claims generally, the protection against public dissemination of information is extremely limited and extends only to highly personal matters representing "the most intimate aspects of human affairs." *Wade v. Goodwin,* 843 F.2d 1150, 1153 (8th Cir.), *cert. denied,* 488 U.S. 854, 109 S.Ct. 142, 102 L.Ed.2d 114 (1988). "[T]o violate [a person's] constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation of her to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information." *Alexander v. Peffer,* 993 F.2d 1348, 1350 (8th Cir. 1993). To determine whether a particular disclosure satisfies this "exacting standard," a court must examine the nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession. *Sheets v. Salt Lake County,* 45 F.3d 1383, 1387–88 (10th Cir.), *cert. denied,* 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995); *see also Nixon v. Administrator of Gen. Servs.,* 433 U.S. 425, 457–58, 97 S.Ct. 2777, 2797–98, 53 L.Ed.2d 867 (1977). The Eighth Circuit has set a high standard for such claims: " '[T]o violate [a person's] constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation of her to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information.' " *Eagle v. Morgan,* 88 F.3d 620, 625 (8th Cir.1996) (quoting *Alexander v. Peffer,* 993 F.2d 1348, 1350 (8th Cir.1993)). Under that standard, as an example, even the disclosure of one's social security number does not violate his constitutional privacy right. See, e.g., *Spurlock v. Ashley*

*Cty. Ark.*, 281 F. App'x 628, 628-29 (8th Cir. 2008)

        **a.**     **No constitutional violation of privacy for disclosure of information - under any theory - where information was already public.**

In this case, the Plaintiff alleges that the Washington County and Springdale Defendants violated his constitutional privacy rights by releasing a police report - which the Plaintiff admits was redacted by both agencies such that the Plaintiff's name was excluded - that summarized the report of a sexual molestation of the Plaintiff's sisters by the Plaintiff.  At the outset, this claim fails as a matter of law because the information contained in that report was already public.  Any claim that one's right to privacy has been violated by the public disclosure of particular information rests, as a matter of logical necessity, on the premise that the information was not already public.  Since the information at issue in this case was public prior to the challenged disclosures, the Plaintiff's privacy claims - under all theories - fail as a matter of law. Just as a criminal cannot assert a reasonable expectation of privacy as to an item of contraband in plain view under Fourth Amendment analysis, a Fourteenth Amendment plaintiff cannot assert a right to privacy in information that is already public.  Here, the Plaintiff'sComplaint concedes that a a story was published with the headline "'19 Kids and Counting Son Named in Underage Sex Probe" ***before*** the Springdale police report was disclosed.  Doc. ## 1, ¶¶ 50-52.  According to the Plaintiff's Complaint, this article contained specific details from the police report, suggesting that the media already had the report.[1] *Id.* Furthermore, the Plaintiff'sComplaint asserts that the police report in question was disclosed by the Springdale police ***before*** the disclosure by Washington County was even placed in the mail. *Id.* at ¶¶ 53-59.  Finally, the Complaint alleges that the media report that allegedly publicized the police report was posted on May 21, 2015 from the information included in report allegedly disclosed by the Springdale Defendants and attaching a copy of the report allegedly disclosed by Springdale. *Id.* at 66.  All of this occurred on the date that the Complaint alleges that Washington County placed their disclosure in the ("snail") mail. *Id.* at ¶59.

---

[1] These facts also reveal the irrelevance of redaction.  If the media was simply trying to verify a report already in their possession, as alleged in the Plaintiff's Complaint (and, thus, the truth for purposes of this motion), no amount of redaction would have kept the media from confirming that the report already in their possession was authentic.

The fact that the information at issue was already public when the Washington County Defendants placed their disclosure in the mail precludes the Plaintiff's claims. The Eighth Circuit confirmed this notion decades ago in *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 79 (8th Cir. 1976).[2] This ruling only stands to reason, particularly now in the internet era. Otherwise, internet search engines, news accumulators, and a virtually endless litany of good-faith actors would be exposed to endless liability simply for passing along information that was entirely public, but had arguably been private at some point in time, however distant in the past. This is simply not the law and Plaintiff's Complaint should be dismissed.

### b. No constitutional violation of privacy for disclosure of information allegedly - but certainly not clearly - violative of state law.

The Plaintiff's Complaint against the government defendants essentially boils down to an assertion that the disclosures violated state statutory law, specifically Ark. Code Ann. § 9-27-309(j) ("Arkansas Juvenile Code") and Ark. Code Ann. § 12-18-104 ("Child Maltreatment Act"). Doc. # 1. This assertion, particularly as basis for constitutional liability, fails as a matter of law. First, "the mere violation of a state law or rule does not constitute a federal due process violation." *Williams v. Nix*, 1 F.3d 712, 717 (8th Cir. 1992); *see also, e.g., Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) & *Engleman v. Murray*, 546 F.3d 944 (8th Cir. 2008). Additionally, the assertion(s) fails because there is no law that even establishes a violation of state law. The Springdale Defendants' brief in support of their motion to dismiss comprehensively discusses these issues and the Washington County Defendants adopt and incorporate those arguments by reference, as if set forth word for word herein.

In short, there is no case law, clearly established or otherwise, that has held disclosures like those at issue in this case to be violative of the Arkansas Juvenile Code and/or the Child

---

[2] This ruling was made in a public disclosure of private facts tort case, certainly barring that claim as a matter of law. The rationale applies with equal force, however, to the constitutional claim(s).

Maltreatment Act; to the contrary, the plain language of those statutes[3] seems to make them inapplicable.

      **c.**      **No constitutional violation of privacy for disclosure of information about non-parties or disclosure of information non-identifying information .**

In his Complaint, the Plaintiff alleges that the County's disclosure was redacted, but contained the following information: the names of the Plaintiff's parents,[4] the parents' current and former address, and "other personal details about each individual defendant," including verbiage indicating that one of the perpetrator's victims was his 5-year old sister. Doc. # 1, ¶ 59. According to the Plaintiff's Complaint, this allowed "users on social media" to "determine" the Plaintiff's identities. *Id.* at 19. These allegations are, of course, entirely conclusory and not entitled to be considered as true for the purposes of this motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

The above-cited facts do not state a claim under the Eighth Circuit's "exacting" privacy standard. The Plaintiff's Complaint concedes, if implicitly, that his name was redacted from Washington County's disclosure. Further, the Plaintiff's Complaint concedes that any promise of confidentiality was made by a State Trooper (and, thus, could not have been breached by anyone at the County). The Complaint does not even allege that this confidentiality pledge was conveyed to the Washington County Defendants prior to the disclosure at issue. In the end, the Complaint simply does not allege the disclosure of "conscience-shocking" information. Accordingly, Washington County is entitled to dismissal.

---

[3] The Juvenile Code expressly deals only with documents related to the arrest, incarceration, and/or criminal charging of a juvenile, none of which occurred here. The Child Maltreatment Act is hopelessly unclear and nonsensical, if given the Plaintiff's preferred reading, as it would entirely eviscerate the FOIA. To wit, the CMA's actual language purports to exempt "[a]ny data, records, reports, or documents that are created, collected, or compiled ... by the Arkansas State Police" without any stated regard to subject matter, which would render ALL State Police documents (e.g., accident reports, officer commendations, press releases, etc). exempt. Ark. Code Ann. §12-18-104(a). This is not the law - the CMA must be harmonized with the FOIA broad purposes and, in light of the evident lack of clarity, the Defendants should be dismissed.

[4] The Plaintiff's parents are, of course, not parties to this action. The Plaintiff has no standing to assert the constitutional rights of others.

### 2. No plausible claim for tort violation(s) - statutory immunity.

The Plaintiff's tort claims for invasion of privacy fail as a matter of law just like their constitutional claims. At the outset, the government defendants are entitled to statutory immunity as to the Plaintiff's tort claims. The Springdale Defendants' brief in support of their motion to dismiss comprehensively discusses this defense and the Washington County Defendants adopt and incorporate those arguments by reference, as if set forth word for word herein.

For these reasons, and those discussed below, Washington County is entitled to the dismissal of the Plaintiff's state law tort claims.

### a. No claim stated for intrusion upon seclusion.

The Plaintiff's intrusion upon seclusion claim fails as a matter of law, as the Plaintiff's allegations do not state a prima facie case. In 1979, the Supreme Court of Arkansas adopted the Restatement Second of Torts, which instructs that there are four separate tort groups under an "invasion of privacy" claim. *Dodrill v. Arkansas Democrat Co.*, 590 S.W.2d 840, 844 (Ark. 1979). These groups are:

(1) unreasonable intrusion upon the seclusion of another;
(2) appropriation of the other's name or likeness;
(3) unreasonable publicity given to the other's private life; and
(4) publicity that unreasonably places the other in a false light before the public.

*Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 875 (8th Cir. 2000).

Generally, the tort of intrusion upon seclusion is based upon the manner in which an individual obtains information. *Werner v. Kliewer*, 710 P.2d 1250, 1255 (Kan. 1985). The Restatement (Second) of Torts defines seclusion upon intrusion as follows:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement (Second) of Torts § 652B (1977).

The tort consists of three parts: (1) an intrusion (2) that is highly offensive (3) into some matter in which a person has a legitimate expectation of privacy. *Fletcher*, 220 F.3d at 875 (citing

*Williams v. Am. Broad. Companies, Inc.*, 96 F.R.D. 658, 669 (W.D. Ark. 1983)). The United States District Court for the Western District of Arkansas said "This tort requires actions on the defendant's part in the nature of prying or intrusion which is offensive or objectionable to a reasonable person." *Williams*, 95 F.R.D. at, 669. Publication is not necessary to maintain an action for this tort; the intrusion itself creates liability. *Showler v. Harper's Mag. Found.*, 222 Fed. Appx. 755, 764 (10th Cir. 2007)(unpublished).

The Plaintiff's intrusion upon seclusion claim fails as a matter of law because the Plaintiff has not alleged his seclusion (instead, he is a national TV personality) or the Washington County Defendant's intrusion thereon (instead, they mailed a document to a third party). Comment b. of Restatement (Second) of Torts § 652B states:

> The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.

Quite simply, while intrusion upon seclusion may occur in a variety of contexts, there must actually be an "intrusion" upon "seclusion." *Coombs v. J.B. Hunt Transport, Inc.,* 388 S.W.3d 456, 460 (Ark. App. 2012) (citing *Wal–Mart Stores v. Lee*, 348 Ark. 707, 74 S.W.3d 634 (2002); *CBM of Cent. Ark. v. Bemel*, 274 Ark. 223, 623 S.W.2d 518 (1981); *Huskey v. Nat'l Broadcasting Co.*, 632 F.Supp. 1282 (N.D.Ill.1986). Since neither an intrusion or seclusion has been pleaded, the Plaintiff's claim must be dismissed.

### b.     No claim stated for public disclosure of private facts.

The Plaintiff's Arkansas tort claim for invasion of privacy by public disclosure of private facts also fails as a matter of law. The four elements of public disclosure of private facts are (1) the publication, (2) absent any waiver or privilege, (3) of private matters in which the public has no

legitimate concern, (4) such as to bring shame or humiliation to a person of ordinary sensibilities. *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 78 (8th Cir. 1976). The Plaintiff's claim in this case fails for several reasons. First, as discussed above, the claim fails because the challenged information was already public before Washington County's disclosure. *Id.*

The Plaintiff's Arkansas tort claim for invasion of privacy by public disclosure of private facts also fails for lack of publication. In *Wood*, the United States Court of Appeals for the Eighth Circuit decided that the disclosure of private information to one other person was not sufficient to state a claim under invasion of privacy. *Wood v. Natl. Computer Sys., Inc.*, 814 F.2d 544, 545 (8th Cir. 1987). Public disclosure of private facts is actionable if it involves publicity of a highly objectionable kind. *Wood*, 814 F.2d at 545. §652D, Comment A of the Restatement (Second) of Torts says: "Publicity . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." In a case similar to the one at hand, when the police department released an investigation report to two individuals, one whom requested the report via Freedom of Information Act ("FOIA"), the court held that since the officer only disclosed the report to two people the plaintiff's privacy claim would fail. *C.L., M.L. ex rel. C.A.L. v. Village of Riverside*, 13 C 1476, 2013 WL 4538836, at (N.D. Ill. Aug. 27, 2013) (Stating the publication element of public disclosure claims generally requires communicating private information to the public at large).

Additionally, the Plaintiff's public disclosure also fails because some information is privileged and is not subject to an invasion of privacy claim. A conditional privilege extends only to the publication of information which bears upon the public interest which is entitled to protection. *Tureen v. Equifax, Inc.*, 571 F.2d 411, 422 (8th Cir. 1978). In *Tureen*, the court stated that conditional privilege has been granted to entities that disclose information in the public interest. *Id.* (credit bureaus and other consumer investigative agencies [have been granted] conditional privilege in . . . invasion of privacy actions under the theory that the information supplied by these companies is useful to society in preventing the improvident extension of credit or payment of fraudulent insurance claims). In this case, the Arkansas FOIA is designed to effectuate the public interest in the

disclosure of public records, including records of closed criminal investigations. The Arkansas General Assembly has recognized a special public interest in identifying sex offenders by setting up registries to allow the public to be apprised of their residences at all times. In a public disclosure claim, a plaintiff must establish a lack of legitimate public interest. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 3 1210, 1219 (10th Cir. 2007).

In *Hubbard v. Journal Pub. Co.*, a case similar to the one at hand, a newspaper published an article identifying a minor victim of sexual assault. *Hubbard v. J. Pub. Co.*, 368 P.2d 147 (N.M. 1962). The sister brought suit for invasion of her privacy. *Hubbard*, 368 P.2d 147. The court held that since she was involved in a matter of public interest, as the victim, such publicity did not give rise to a cause of action for invasion of privacy. *Hubbard*, 368 P.2d at 149.

In the end, the Plaintiff's public disclosure claim fails because the information disclosed by Washington County was already public, because he has not adequately pleaded publication, and because the disclosure was made in furtherance of legitimate public interests, as set out in the Arkansas FOIA and Arkansas' sex offender statues.

    **c.**    **No plausible claim for outrage.**

The Plaintiff's Complaint fails to state a claim for outrage. To establish outrage under Arkansas law, a plaintiff must show: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable man could be expected to endure it. *Shepherd v. Washington County*, 331 Ark. 480, 507-08, 962 S.W.2d 779 (1998) (citing *Brown v. Tucker*, 330 Ark. 435, 954 S.W.2d 262 (1997)). The tort of outrage is not favored by Arkansas courts, and clear-cut proof is required to establish the elements in outrage cases. *See*, *e.g.*, *Croom v. Younts*, 323 Ark. 95, 913 S.W.2d 283 (1996); *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 781 S.W.2d 31 (1989); *Harris v. Ark. Book Co.*, 287 Ark. 353, 700 S.W.2d 41 (1985); *Givens v. Hixson*, 275 Ark. 370, 631 S.W.2d 263

(1982). *See also Braden v. Mountain Home Sch. Dist.*, 903 F.Supp.2d 729, 739 (W.D. Ark. 2012) ("Traditionally, courts have taken a very narrow view of claims purporting to arise under the tort of outrage.)

Courts have consistently found that conduct far more egregious than that alleged by the Plaintiff in this case is not sufficient to state a claim for the tort of outrage under Arkansas law. *See, e.g., Owens v. Alltell Communications, Inc.*, Case No. 4:06CV573GH, (E.D. Ark. Oct. 30, 2006) (dismissing outrage claim brought by employee who alleged that employer kicked him and noting that "[o]ne kick, without more, cannot as a matter of law be considered 'extreme and outrageous conduct' which goes 'beyond all possible bounds of decency.'"); *Shepherd, supra* (dismissing outrage claim by the spouse of a victim killed by an inmate where the sheriff ignored the violent nature of the inmate, knew the inmate was an escape risk, but directed the victim, who was not a certified law enforcement officer, and had a history of failing to control inmates, to escort the inmate to a private clinic for medical treatment); *Holloman v. Keadle*, 326 Ark. 168, 931 S.W.2d 413 (1996) (employer's repeated curses, racial slurs, degrading remarks, and threats of violence against the plaintiff were not sufficient to state a claim for the tort of outrage); *City of Green Forest v. Morse*, 316 Ark. 540, 873 S.W.2d 154 (1994) (cursing, anger, accusatory questioning, and threats of arrest could not sustain an outrage claim); *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991) (dismissing outrage claim where plaintiff alleged that he was wrongfully terminated after his shift leader had hit him during a dispute); *Webb v. HCA Health Services of Midwest, Inc.*, 300 Ark. 613, 780 S.W.2d 571 (1989) (finding that employee did not state a claim for outrage where a physician made derogatory comments and unwarranted complaints, and urged that the employee be terminated).

In the end, the Plaintiff's allegations cannot, as a matter of law, be considered extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community. The Plaintiff's outrage claim should be dismissed as a matter of law.

### III. CONCLUSION

For the reasons set forth herein, the Separate Washington County7 Defendants respectfully

request that Plaintiff'sComplaint be dismissed.

                              Respectfully submitted,

                              WASHINGTON COUNTY, ARKANSAS;
                              RICK HOYT, in his official capacity; and
                              STEVE ZEGA, in his official capacity,
                              *Separate Washington County Defendants*

                              RAINWATER, HOLT & SEXTON, P.A.
                              P.O. Box 17250
                              6315 Ranch Drive
                              Little Rock, Arkansas  72222-7250
                              Telephone (501) 868-2500
                              Telefax (501) 868-2505
                              email:owens@rainfirm.com

By:     /s/Jason E. Owens
               Michael R. Rainwater, #79234
               Jason E. Owens, #2003003

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 14th day of August , 2017,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify and provide a copy of the foregoing to all counsel of record.

                                /s/ Jason E. Owens
                              Jason E. Owens