IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DUGGAR                                                                                   PLAINTIFF

V                                              CASE NO. 5:17-cv-5125 TLB

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS,
DEPARTMENT OF HUMAN SERVICES;
DOUG SPROUSE, in his official capacity;
KATHY O'KELLEY, in her official and individual capacity;
ERNEST CATE, in his official capacity;
RICK HOYT, in his official capacity;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.
BAUER INC.; HEINRICH BAUER NORTH
AMERICA, INC.; BAUER MEDIA GROUP USA, LLC.,
CROSS GUNTER WITHERSPOON & GALCHUS, P.C.;
and DOES 1-10, inclusive                                                                      DEFENDANTS

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### I. Introduction

Plaintiff Joshua Duggar asserts claims arising out of a request for documents made under the Arkansas Freedom of Information Act[1] ("FOIA"). The FOIA request was made by separate defendant Cross Gunter Witherspoon & Galchus, P.C. ("Cross Gunter") and responded to by one or more of the government officials and entities named as defendants. The information contained in these documents

---

[1] Ark. Code Ann. § 25-19-101 *et seq.*

was allegedly private and was allegedly published by the In Touch Defendants[2] causing plaintiff damages.

Plaintiff's sole claim against Cross Gunter is found in the second part of the first count of his complaint. (Doc. 1 at ¶¶ 84-90). There he asserts that Cross Gunter's FOIA request supports a claim for invasion of privacy. As shown below, plaintiff's complaint fails to plead facts to support at least three of the required elements of the tort of invasion of privacy: (1) that the information in question was private; (2) that Cross Gunter should have known the information in question was private; and (3) that Cross Gunter published the information in question. Accordingly, plaintiff's complaint as against Cross Gunter should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Allegations in the Complaint against Cross Gunter

The complaint alleges Cross Gunter successfully submitted a FOIA request on behalf of the In Touch Defendants to various governmental defendants, seeking documents related to an incident involving plaintiff. (Doc. 1 at ¶¶ 6-7, 45, 48). Plaintiff claims the documents sought were not subject to FOIA and should not have been released by the governmental defendants. (Doc. 1 at ¶¶ 8-13). Plaintiff further claims that the In Touch Defendants then published the contents of the documents causing plaintiff damages. (Doc. 1 at ¶¶ 14-15). The submission of this FOIA request, plaintiff alleges, supports his claim for invasion of privacy by disclosure of private fact against Cross Gunter. (Doc. 1 at ¶¶ 84-90). Notably, the

---

[2] Bauer Publishing Company L.P., Bauer Magazine, L.P., Bauer Media Group, Inc., Bauer Inc., Heinrich Bauer North America, Inc., and Bauer Media Group USA, LLC

complaint also acknowledges that the information contained in the documents in question was in the public domain before Cross Gunter received a response to its FOIA request. (Doc. 1 at ¶¶ 50-51).

### III. Standard of Review

The Eighth Circuit Court of Appeals has recognized that the plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), requires a court "to determine whether the complaint 'assert[s] facts that affirmatively and plausibly suggest that the pleader has the right he claims ... rather than facts that are merely consistent with such a right.'" *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 596 (8th Cir. 2009) (quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true only factual allegations in a complaint, not "recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions). *Twombly* specifically instructs that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. This pleading standard is intended to avoid needless waste of a defendant's resources during the discovery process where a plaintiff has no reasonably plausible claim. *Twombly*, 550 U.S. at 558.

3

## IV. Argument

To succeed on an invasion of privacy claim based upon the public disclosure of private facts, a plaintiff must prove each of seven elements including (1) that the defendant made a "public disclosure" of a fact about the plaintiff; (2) that before the disclosure occurred, the fact was not known to the public; and (3) that the defendant knew or should have known that the disclosed fact was private. *See* Ark. Model Instr. 422. Plaintiff's complaint fails to plead facts sufficient to support any of these three elements, and, therefore, his complaint should be dismissed.

### A. Plaintiff's Complaint Acknowledges That The Information In Question Was Already Known To The Public

Plaintiff's complaint fails because it acknowledges that the information in question was already known to the public before Cross Gunter obtained any documents responsive to its FOIA request. If the fact or information that forms the basis of a plaintiff's claim was known to the public before its alleged disclosure by the defendant, the plaintiff's claim fails as a matter of law. *See* Ark. Model Instr. 422 (a plaintiff must prove "that before [the] disclosure the fact was not known to the public"). Here, plaintiff candidly acknowledges that the information Cross Gunter allegedly disclosed was the subject of an article published by the In Touch Defendants on May 19, 2015, the day before Cross Gunter received the response to its FOIA request. (Doc. 1 at ¶¶ 50-51). This acknowledgement is fatal to plaintiff's claims against Cross Gunter as the information in question was "known to the public" before even being received by Cross Gunter. As such, plaintiff fails to state

a claim for invasion of privacy, and his complaint as against Cross Gunter should be dismissed.

### B. Plaintiff Pled No Facts Which Would Show Cross Gunter Had Reason To Know That Information Provided In Response To The FOIA Request Was Private

Plaintiff's complaint alleges that Cross Gunter came into possession of documents containing private facts about plaintiff by virtue of a FOIA request it made on behalf of its client.  As a matter of law, this allegation is insufficient to support the notion that Cross Gunter knew or should have known that the documents provided to it contained private information.  The Arkansas Freedom of Information Act, by its terms, applies to "public records."  *See* Ark. Code Ann. § 25-19-105.  Moreover, if the custodian of the requested records believes that the records' production would result in an unwarranted invasion of privacy, the custodian can refuse to produce the records and make that argument to a court.  *See Young v. Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992).  Here, having been provided the documents in question by a government agency in response to a FOIA request for "public records," Cross Gunter had no duty to question the agency's determination or refrain from disseminating the information to its client.  As such, plaintiff fails to state a claim for invasion of privacy, and his complaint as against Cross Gunter should be dismissed.

### C. Plaintiff Pled No Facts Which Would Show Cross Gunter Made A Public Disclosure Of The Information

Plaintiff's complaint also fails to state a claim against Cross Gunter because it does not contain sufficient factual allegations to support a finding that Cross

5

1503775-v1

Gunter made a "public disclosure" of allegedly private facts about plaintiff. "The term 'public disclosure' means communicating to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge." *See* Ark. Model Instr. 422. *See also Wood v. National Computer Sys., Inc.*, 814 F.2d 544 (8th Cir. 1987). Plaintiff's complaint does not contain a single factual allegation that would suggest that Cross Gunter communicated the information contained in the records received in response to the FOIA request to the general public or to a large number of people. At most, plaintiff's complaint can be read to suggest that Cross Gunter provided the records it received to its client, but the alleged disclosure of private information to one other person is insufficient as a matter of law to support plaintiff's claim against Cross Gunter. *See Wood*, 814 F.2d at 545. Absent the essential element of "public disclosure" as that term is defined under Arkansas law, plaintiff fails to state a claim for invasion of privacy, and his complaint as against Cross Gunter should be dismissed.

## V. CONCLUSION

For the reasons stated above, as well as in the motions to dismiss and supporting briefs filed by its co-defendants,[3] plaintiff's complaint as against Cross Gunter should be dismissed.

                                          WRIGHT, LINDSEY & JENNINGS LLP
                                          200 West Capitol Avenue, Suite 2300
                                          Little Rock, Arkansas 72201-3699
                                          (501) 371-0808
                                          FAX: (501) 376-9442
                                          E-MAIL: elowther@wlj.com
                                                              pmorris@wlj.com

                                    By /s/ Paul D. Morris
                                        Edwin L. Lowther, Jr. (81107)
                                        Paul D. Morris (2001238)
                                        Attorneys for Defendant Cross Gunter
                                        Witherspoon & Galchus PC

---

[3] To the degree they are applicable to claims made against Cross Gunter, Cross Gunter adopts by reference the arguments made by its co-defendants in support of their motions to dismiss plaintiff's complaint, including motions filed subsequent to Cross Gunter's.

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Travis W. Story – travis@storylawfirm.com
Gregory F. Payne – greg@storylawfirm.com

*Counsel for Plaintiffs*

Susan Keller Kendall – skk@kendalllawfirm.com
Thomas N. Kieklak – tkieklak@arkansaslaw.com
R. Justin Eichmann – jeichmann@arkansaslaw.com

*Counsel for Defendants*
*City of Springdale, Doug Sprouse,*
*Kathy O'Kelley and Ernest Cate*

Jason E. Owens – owens@rainfirm.com

*Counsel for Defendants*
*Washington County,*
*Rick Hoyt and Steve Zega*

Elizabeth Anne McNamara – lizmcnamara@dwt.com
Jamie Somoza Raghu – jamieraghu@dwt.com
Cynthia W. Kolb – ckolb@cgwg.com

*Counsel for Defendants*
*Bauer Publishing Company L.P.,*
*Bauer Magazine, L.P.,*
*Bauer Media Group, Inc.,*
*Bauer Inc.,*
*Heinrich Bauer North America, Inc., and*
*Bauer Media Group USA, LLC*

/s/ Paul D. Morris
Paul D. Morris