IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DUGGAR                                                                                                PLAINTIFF

vs.                                        CASE NO. 5:17-5125-TLB

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS,
DEPARTMENT OF HUMAN SERVICES;
DOUG SPROUSE, in his official capacity;
KATHY O'KELLEY, in her individual and
official capacities;
ERNEST CATE, in his official capacity;
RICK HOYT, in his official capacity;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY, L.P.;
BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.;
BAUER, INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC;
CROSS, GUNTER, WITHERSPOON &
GALCHUS, P.C., and
DOES 1-10, inclusive                                                                                       DEFENDANTS

### REPLY TO PLAINTIFFS' OPPOSITION TO CITY DEFENDANTS' MOTION TO DISMISS

COME NOW the Separate Defendants, City of Springdale ("City"), Ernest Cate ("Cate"), in his official capacity only, Doug Sprouse ("Sprouse"), in his official capacity only, and Kathy O'Kelley ("O'Kelley"), in her individual and official capacities (collectively referred to herein as the "Springdale Defendants"), by and through the undersigned attorneys, and for their Reply to Plaintiff's Opposition to Motion to Dismiss state as follows:



1

## I.   INTRODUCTION

The Springdale Defendants have established that O'Kelley is entitled to qualified immunity against Plaintiff's constitutional and state law claims and that all of these claims against her should be dismissed. *See* Motion to Dismiss of Springdale Defendants and supporting brief (Docket Nos. 15 and 16, respectively). Further, the Springdale Defendants have established that Plaintiff has failed to allege a constitutional right, much less a violation of a constitutional right by the Springdale Defendants. Additionally, Plaintiff has failed to state a valid tort claim against the Springdale Defendants. Plaintiff has filed a Brief in Support of Plaintiff's Opposition to City Defendants' Motion to Dismiss (Docket No. 30) in which he sets forth that he is seeking to "hold to account the City and officials and employees of the City" for alleged violations of his constitutional rights. Plaintiff's arguments are without merit.  First, the Plaintiff seeks the cover of laws that only afford protection to the **victims** of sexual crimes, not to the perpetrators or alleged perpetrators of such crimes and their police reports. Second, Plaintiff **concedes** that the Arkansas Freedom of Information Act favors disclosure in this instance.  Finally, the Plaintiff asks this Court to take a broad view of what constitutes clearly established law but relies upon Eighth Circuit case law that has **overturned** by the United States Supreme Court.

Plaintiffs' case cannot move forward against the Springdale Defendants and must be dismissed as a matter of law and with prejudice.

## II.   ARGUMENT

### A. A Criminal or Non-Consensual Sexual Act is not Afforded Constitutional nor Statutory Protection.

Incredulously, Plaintiff in his Brief in Support of Plaintiff's Opposition to City Defendants' Motion to Dismiss seeks to be afforded constitutional and statutory privacy for the molestation of his minor sisters. (Docket No. 30, pp. 7-12). The Constitution of the United

States of America does not afford the Plaintiff the right to privacy in committing such sexual acts against minors. *United States v. Bach*, 400 F.3d 622, 628–29 (8th Cir. 2005) (finding that defendant had no constitutional right to privacy in engaging in sexual acts with minors). The cases cited in Plaintiff's Response only concern constitutional privacy protection for the victims of sexual crimes or consensual behavior. See e.g. *Block v. Ribar*, 156 F.3d 673 (6th Cir. 1998) (Sheriff released information identifying a rape victim at a press conference); *Swope v. Bratton*, 541 F. Supp. 99 (W.D. Ark 1982) (demotion for a private and consensual relationship violated a police officer's right to privacy); *Fraternal Order of Police, Lodge 5 v. City of Phila.*, 812 F.2d 105 (3rd Cir. 1987) (police failed to provide adequate protection in questionnaire for certain private information of applicants).[1] Plaintiff cites to no case that would provide him with constitutional protection in this matter. In fact, case law from the 10th Circuit confirms that there is no right of privacy for minors who are engaged in illegal sexual activity. See *Aid for Women v. Foulston*, 441 F.3d 1101, 1118 (10th Cir. 2006) (minors have no right to privacy in their illegal sexual activity—even though information about that activity is "sensitive in nature" and may stigmatize those minors if disclosed).

Likewise the Arkansas does not afford the Plaintiff a constitutional right to privacy to commit such acts. In *Jegley v. Picado*, the Arkansas Supreme Court held that there is a fundamental right to privacy that protects "private, **consensual**, noncommercial acts of sexual intimacy between **adults.**" 349 Ark. 600, 632, 80 S.W.3d 332, 350 (2002) (Emphasis Supplied). The acts committed by the Plaintiff and at issue in the City Incident Report were neither consensual nor between adults and should not be afforded any constitutional privacy

---

[1] Plaintiff also cites to two unpublished United States District Court cases out of California, *Orff v. City of Imperial*, No. 17-cv-0116, 2017 WL 2537250 and *Stafford-Pelt v. State of California*, No. C-04-00496, 2005 WL 1457782 (N.D. Cal 2005), neither of which provide the privacy protection for the Plaintiff.

3

protection for the Plaintiff.

Plaintiff also seeks privacy protection pursuant to Arkansas statutes. Again, Plaintiff has failed to prove how such statutes provide privacy protection to him as a perpetrator. Furthermore, as argued by the Washington County Defendants in their Brief in Support of its Motion to Dismiss (Docket No. 16), the Child Maltreatment Act "is hopelessly unclear and nonsensical," as a literal reading of it would make all state police documents, of any nature, exempt from the FOIA. (Docket No. 16, p. 9). This argument, as well as the entirety Washington County's Brief in Support of Motion to Dismiss is adopted by reference herein, pursuant to Fed. R. Civ. P. 10(c). As such, Plaintiff fails to state a constitutional claim against the Springdale Defendants and his claims should be dismissed.

### B. Plaintiff Fails to Allege or Establish that Incestuous Molestation Should be Afforded More Privacy than Molestation.

In response to the fact *In Touch Weekly* had previous published an article about Josh Duggar being a target of a sexual assault investigation, Plaintiff argues that the prior publication of the allegations of molestation is somehow fundamentally different from the article following the release of the Offense Report identifying that Josh Duggar engaged in incestuous molestation. (See *Response* p. 11). Plaintiff provides no case that supports such a distinction, nor any argument other than that the second *In Touch Weekly* article provided more clues about possible victims of the molestation than the first article. As such, *McNally v. Pulitzer Publishing Co*, 532 F.2d 69 (8th Cir. 1976) remains on point and there is no invasion of constitutional privacy or a tortious public disclosure of private facts when facts are already known publically.

### C. Plaintiff Concedes that the Arkansas Freedom of Information Act Compels Disclosure in this Instance.

4

O'Kelley is entitled to dismissal under qualified immunity[2] because the law pertaining to disclosure of the Offense Report was not clearly established. As stated and made abundantly clear by Plaintiff in their Response, "Plaintiff does not disagree that Arkansas FOIA law favors disclosure in this instance." Such is the canon of the Arkansas Freedom of Information Act, which as set forth by the Springdale Defendants' in their Brief in Support of Motion to Dismiss (Docket No. 16), must be liberally construed in favor of the release of the requested document. See Brief p. 12-14. Further to that point, the Arkansas Supreme Court adds the following:

> Whether a statute should be construed narrowly or broadly depends upon the interests with which the statute deals. As a rule, statutes enacted for the public benefit are to be interpreted most favorably to the public. The Arkansas Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved. Whenever the legislature fails to specify that any records in the public domain are to be excluded from inspection, or is less than clear in its intendments, then privacy must yield to openness and secrecy to the public's right to know the status of its own affairs.

*Hengel v. Pine Bluff*, 307 Ark. 457 (1991)

Plaintiff cannot overcome his own admission that the "Arkansas Freedom of Information Act favors disclosure in this instance", nor can he establish his later insistence that an exception prohibiting the disclosure is somehow well established when there is simply no supporting authority to establish or even corroborate this position. Such an exception to the Freedom of Information Act is anything but well established, and therefore qualified immunity must be granted to O'Kelley in this case.

**D. Plaintiff Relies on an Incorrect and Overturned Statement of Law in Arguing for the "Broad View" Test.**

---

[2] Throughout his brief, Plaintiff refers to the qualified immunity of Ernest Cate, the Springdale City Attorney. Mr. Cate is not entitled to qualified immunity to the Plaintiff's claims. This is because he is not sued in his individual capacity in the Plaintiff's Complaint. If Mr. Cate were sued in his individual capacity in this case, he would, in fact, be entitled to qualified immunity, but he is not. See *Complaint* Introduction and ¶ 25.

In light of legislative intent and purpose of the Arkansas Freedom of Information Act and its consistent interpretation by the Arkansas Supreme Court, O'Kelley should be afforded qualified immunity even under the "broad view" test that Plaintiff seeks. (See *Response p. 12*). This test, however, is an incorrect statement of controlling law in the Eighth Circuit. The United States Supreme Court has admonished lower courts in the application of such a broad test. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citation omitted). The correct inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 136 S.Ct. at 308. "There does not need to be a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Wallace v. City of Alexander, Arkansas*, 843 F.3d 763 (8th Cir. 2016) (*citing Al-Kidd*, 563 U.S. at 741); *Williams v. Jackson*, 600 F.3d 1001, 1013 (8th Cir. 2010) (citation omitted). Indeed, "the contours of a right are sufficiently clear that *every* reasonable official would have understood what he is doing violates that right." *Al-Kidd*, 563 U.S. at 741 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (emphasis added) (internal quotations omitted). As set forth in the previous argument in this case, the complaint demonstrates, through its allegations, that O'Kelley attempted to comply with the FOIA in releasing the related record. She did what a reasonable official in her place would do. With no such broad view to be applied, and with the constitutional question following well short of being "beyond debate", O'Kelley must be granted qualified immunity.

### E. Plaintiffs' Response Fails to Support a Claim for Municipal Liability.

Plaintiff alleges that Cate was a final policy maker through a delegation of authority from the City Council. This assertion is not true on its face. Plaintiff's Response cites to Springdale

Municipal Code § 2-86 and Springdale Personnel & Procedures Manual, § 3.7[3] to set forth the concept, not unique to government entities across the county, whereby the department heads in the city are to supply responses to FOIA requests. The policy provides that if those department heads for the City need assistance with a request, then the department head seek legal advice from the City Attorney (in the language of the code, the City Attorney "shall confer with the department head on the action to be taken"). Under the most generous of interpretations of the code and policy enacted by the City Council, the City Council delegates authority to respond to FOIA requests to City department heads and sets forth that these department heads can receive legal advice. The provision of legal advice does not make Cate a final policymaker, and Plaintiffs have provided no law to that effect even though it is their burden to do so, and instead they rely upon a letter sent from Judge Zimmerman to Cate *after* the disclosure that mentions the word "policy". The same can be said about Mayor Sprouse, though his position does not even appear. Such an after-the-fact letter by a juvenile judge does not make Cate a policymaker, but even further, the referenced letter does not appear anywhere in the Complaint and thus is outside of the pleadings before the Court. "However, it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Morgan Distributing Company, Inc. v. Unidynamic Corporation*, 868 F.2d 992, 995 (8th Cir.1989) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

To determine whether a government official serves as the final policymaker, we consult two sources: "(1) 'state and local positive law' and (2) state and local 'custom or usage' having

---

[3] Neither Springdale Municipal Code § 2-86 nor the Springdale Personnel & Procedures Manual, § 3.7 are contained in the Plaintiffs' Complaint and are improperly raised for the first time in his Response to the Motion to Dismiss. Further, Springdale Personnel & Procedures Manual, § 3.7 is titled "Conduct with the Media" and is only partially reproduced by Plaintiff in his Response. The argument that Cate is a final policymaker is premised entirely on matters lying outside the scope of the pleadings and improper for the purposes of this motion.

the force of law.'" *Thompson v. Shock*, 852 F.3d 786, 793 (8th Cir. 2017) (quoting *Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701*, 737 (1989)). The fact that a particular official -- even a policymaking official -- has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-483 (1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822-824 (1985). The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable. No allegation of state and local positive law or state and local custom and usage having the force of law has been made, nor any distinction that would raise the legal advice provided to City department heads by the City Attorney, as more than an exercise of discretion. As Plaintiff concedes, O'Kelley is not a policymaker (See Response p. 20). Lastly, Plaintiff also attempts to achieve municipal liability by branding Mayor Sprouse as a final policy maker regarding the release of the Offense Report. While the Complaint does make allegation about the advice provided by Ernest Cate, there is no allegation that Mayor Sprouse participated in any decision to release the Offense Report. As there is no path to municipal liability for the Plaintiff, the City of Springdale should be dismissed.

    **F.    Springdale Defendants are not Liable for the Torts Alleged in the Complaint.**

Plaintiff's allegations against Springdale Defendants amount to negligence. In their Response, Plaintiff is unable to point to any *factual* allegations – only conclusions – to support their claims of intentional torts against the Springdale Defendants. Factual allegations asserting negligent actions are the death knell to the Plaintiff's intentional tort claims. In addition to the arguments set forth Springdale Defendants' Motion to Dismiss, the Springdale Defendants adopt and incorporate the arguments set forth in pages 10-14 of Separate Defendant Washington

County's Brief in Support of Motion to Dismiss (Docket No. 26) pursuant Fed. R. Civ. P. 10(c).

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed.

Respectfully Submitted,

_____
R. Justin Eichmann (Ark. Bar No. 2003145)
E-mail: jeichmann@arkansaslaw.com
Thomas N. Kieklak (Ark. Bar No. 92262)
Email: tkieklak@arkansaslaw.com
HARRINGTON, MILLER, KIEKLAK,
EICHMANN & BROWN, P.A.
4710 S. Thompson, Suite 102
Springdale, AR  72764
Phone: (479) 751-6464
Fax: (479) 751-3715

and

Susan Keller Kendall (Ark. Bar No. 98119)
KENDALL LAW FIRM, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, Arkansas 72758
Email: skk@kendalllawfirm.com
Phone: (479) 464-9828
Fax: (479) 464-9768
**COUNSEL FOR SPRINGDALE DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on _____ day of September, 2017, a true and correct copy of the above and foregoing was filed with the Clerk via the CM/ECF system which will send notification of filing to the following:

| | |
|---|---|
| Travis W. Story<br>Gregory F. Payne<br>Story Law Firm, PLLC<br>438 Millsap Road, Suite 103<br>Fayetteville, AR 72703<br>travis@storylawfirm.com<br>greg@storylawfirm.com | Edwin Lee Lowther, Jr.<br>Wright Lindsey Jennings LLP<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, AR 72201<br>(501) 371-0808<br>Fax: (501) 376-9442<br>elowther@wlj.com |
| Cynthia W. Kolb<br>CROSS, GUNTER, WITHERSPOON &<br>GALCHUS, P.C.<br>500 President Clinton Avenue<br>Suite 200<br>Little Rock, AR 72201<br>ckolb@cgwg.com | Elizabeth Anne McNamara<br>Jamie Somoza Raghu<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>lizmcnamara@dwt.com<br>jamieraghu@dwt.com |
| Jason E. Owens<br>Rainwater, Holt & Sexton, P.A.<br>P.O. Box 17250<br>Little Rock, AR 72222-7250<br>(501) 868-2500<br>Fax: (501) 868-2505<br>owens@rainfirm.com | Paul D. Morris<br>Wright, Lindsey & Jennings LLP<br>3333 Pinnacle Hills Parkway<br>Suite 510<br>Rogers, AR 72758-8960<br>479-986-0888<br>Fax: (479) 986-8932<br>pmorris@wlj.com |

 

                                                      R. Justin Eichmann<br>
                                                      Arkansas Bar No. 2003145<br>
                                                      HARRINGTON, MILLER, KIEKLAK,<br>
                                                      EICHMANN AND BROWN, P.A.<br>
                                                      *Attorney for Springdale Defendants*<br>
                                                      4710 S. Thompson, Suite 102<br>
                                                      Springdale, AR 72764<br>
                                                      (479)751-6464