IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOSHUA DUGGAR**                                                                                  **PLAINTIFF**

**V.**                      **CASE NO. 5:17-CV-5125**

**CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS, DEPARTMENT
OF HUMAN SERVICES; DOUG SPROUSE, in
his official capacity; KATHY O'KELLEY, in
her official and individual capacities;
ERNEST CATE, in his official capacity; RICK
HOYT, in his official capacity; STEVE ZEGA,
in his official capacity; BAUER PUBLISHING
COMPANY, L.P.; BAUER MAGAZINE, L.P.;
BAUER MEDIA GROUP, INC.; BAUER, INC.;
HEINRICH BAUER NORTH AMERICA, INC.;
BAUER MEDIA GROUP USA, LLC; CROSS,
GUNTER, WITHERSPOON & GALCHUS, P.C;
and DOES 1–10, inclusive**                               **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are the Motion to Stay filed by Defendants City of Springdale, Doug Sprouse, Ernest Cate, and Kathy O'Kelley (collectively, "Springdale Defendants") (Doc. 19), the Springdale Defendants' Brief in Support of that Motion (Doc. 20), and Plaintiff Joshua Duggar's Response to that Motion (Doc. 28). As further explained below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Mr. Duggar filed his Complaint (Doc. 1) on July 6, 2017, asserting various causes of action under 42 U.S.C. § 1983, the Constitutions of the United States and the State of Arkansas, and the common law of Arkansas. The Springdale Defendants have filed a

1

Motion to Dismiss the Complaint, asserting various defenses including qualified immunity. *See* Doc. 15. That Motion to Dismiss is still pending.[1]

This Court has entered an Initial Scheduling Order (Doc. 23) imposing deadlines for the parties to confer, report, and exchange initial disclosures under Fed. R. Civ. P. 26, and setting a case management hearing for October 13, 2017. The Springdale Defendants have asked the Court to stay this proceeding, including all obligations and hearings imposed by the Initial Scheduling Order, observing that "[q]ualified immunity is an immunity from suit, not a mere defense to liability," (Doc. 20, p. 3), and contending that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Mr. Duggar does not oppose the requested stay, except for two caveats. First, although the Springdale Defendants request that the stay endure through the pendency of any subsequent interlocutory appeals, Mr. Duggar objects that it would be premature to decide at this time whether the stay should remain in place after the Motion to Dismiss is ruled upon. Second, Mr. Duggar objects to the Springdale Defendants' request that the stay enjoin him from making any requests for public records under the Freedom of Information Act ("FOIA").

The Court will stay all obligations to confer, report, and exchange initial disclosures that were discussed in the Initial Scheduling Order until the Court has ruled on the pending Motions to Dismiss. However, this stay will apply only to the reciprocal obligations between Mr. Duggar and the Springdale Defendants—not to those obligations between

---

[1] There are other defendants in this case, some of whom have filed motions to dismiss, and others of whom have yet to file any responsive pleadings. As of the time of this Order's filing, the Springdale Defendants are the only ones who have moved for a stay in this case.

2

Mr. Duggar and the other Defendants who have not requested a stay in this case. Furthermore, the Court will not stay the case management hearing currently set for October 13, because it will receive oral argument on the Springdale Defendants' Motion to Dismiss (as well as on any other pending motions) at that hearing if it has not already ruled on them by then. The Court will not make any decision at this time as to whether the stay should extend beyond its ruling on the Springdale Defendants' Motion to Dismiss, but after such ruling is made, any party should feel free to seek a further stay to whatever extent it believes such a stay would be appropriate.

The Court will not impose any restrictions at this time on Mr. Duggar's ability to make FOIA requests. The Court recognizes that the Arkansas FOIA exempts from production any "[d]ocuments that are protected from disclosure by order or rule of court." Ark. Code Ann. § 25-19-105(b)(8). The Court also recognizes that the Supreme Court of Arkansas has long recognized that "[a] trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide FOIA exemption under Section 25-19-105(b)(8)." *City of Fayetteville v. Edmark*, 304 Ark. 179, 191 (1990). But the requested stay in this case is premised entirely on certain Defendants' asserted right to immunity from suit. There is not currently any protective order in this case that could potentially be circumvented through FOIA requests. And the Court does not see how immunity from suit would imply any sort of immunity from Arkansas FOIA obligations; at any rate, none of the cases cited by the Springdale Defendants stands for this proposition. *See* Doc. 20, p. 3 n.1 (collecting cases).

**IT IS THEREFORE ORDERED** that the Motion to Stay filed by Defendants City of Springdale, Doug Sprouse, Ernest Cate, and Kathy O'Kelley (Doc. 19) is **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS SO ORDERED** on this 11th day of September, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE