## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT ARKANSAS
## FAYETTEVILLE DIVISION

---

JOSHUA DUGGAR,

               Plaintiff,

- against -

CITY OF SPRINGDALE, ARKANSAS; WASHINGTON COUNTY, ARKANSAS; THE STATE OF ARKANSAS DEPARTMENT OF HUMAN SERVICES; DOUG SPROUSE, in his official capacity; KATHY O'KELLEY, in her official and individual capacities; ERNEST CATE, in his official capacities; RICK HOYT, in his official capacities; STEVE ZEGA, in his official capacity; BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; BAUER MEDIA GROUP USA, LLC; CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., and DOES 1-10, inclusive,

               Defendants.

Civil Action No.: 17 Civ. 5125 (TLB)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY BY DEFENDANTS BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER MEDIA SALES, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA, INC.; AND BAUER MEDIA GROUP USA, LLC**

Defendants, Bauer Publishing Company, L.P.; Bauer Magazine, L.P. ("Bauer Magazine"); Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC (collectively, the "Bauer Defendants") hereby submit this memorandum of law in support of their motion for an order staying this proceeding and discovery until the Court rules on the Bauer Defendants' motion to dismiss.

## INTRODUCTION

Plaintiff, Joshua Duggar, ("Josh Duggar" or "Plaintiff") is part of the famous television family known as the "Duggars" who starred on the reality television show *19 Kids and Counting*

on the TLC cable network from 2008 to 2015.  On July 6, 2017, Plaintiff filed claims for invasion of privacy and tort of outrage against the Bauer Defendants for Bauer Magazine's publication of articles and police reports related to the Springdale Police Department and Sheriff's Office 2006 investigation into allegations, later admitted, that Plaintiff sexually abused four of his sisters and another female on multiple occasions in 2002 and 2003.  Compl. ¶¶ 76-125.  The published police reports were released by the Springdale Police Department and Sheriff's Office "under color of law" to Bauer Magazine pursuant to Freedom of Information Act requests "for the express purpose of publication."  *Id.* at ¶¶ 8, 9, 55, 58.  The articles at issue in this action[1] were published on the *In Touch* website and in the magazine between May 19, 2015 and June 3, 2015, *id.* ¶ 14, 92, over two years before Plaintiff filed this action.

      The Bauer Defendants have filed a motion to dismiss Plaintiff's claims against them in their entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted on multiple independent grounds.  *First*, unequivocal U.S. Supreme Court precedent establishes that claims arising out of the publication of lawfully obtained truthful information are protected from liability under the First Amendment, even where the information at issue is highly personal or made available contrary to law, like in violation of a state statute prohibiting the publication of a rape victim's name.  *See Florida Star v. B.J.F.*, 491 U.S. 524 (1989); *Cox Broad. Corp. v. Cohn*, 420 U.S. 469 (1975).  *Second*, Plaintiff's claims independently fail for the basic reason that they do not plausibly plead the critical elements of each of the alleged claims:  (1) public disclosure of private facts claim fails because the articles at issue address matters of public concern and the police reports themselves establish that

---

[1] Plaintiff alleges that over eight articles were published in the magazine *In Touch Weekly* ("*In Touch*") and related website between May 19, 2015 and June 3, 2015.  *Id.* ¶ 93.  Yet, the Complaint only specifically identifies four of the eight articles published during this period.  *Id.* ¶¶ 50, 65, 71, 73.

Plaintiff's admitted assaults were well known within his church community; (2) appropriation claim fails for the basic reason that the articles at issue are newsworthy, not commercial speech; (3) intrusion claim fails because the alleged actions did not amount to actionable intrusion, such as a physical intrusion on Plaintiff's space; nor were the Bauer Defendants "substantially certain" that they lacked the legal right to publish, as required for the claim; and (4) outrage claim fails because publishing information obtained directly from the police does not begin to rise to the level of conduct "so outrageous in character and so extreme in degree, as to go beyond all possible bound of decency." *Wolfe v. Fayetteville, Arkansas Sch. Dist.,* 600 F. Supp. 2d 1011, 1022 (W.D. Ark. 2009). *Lastly*, Plaintiff's claims are also immune from liability, and thus subject to dismissal, under Arkansas' Citizen Participation in Government Act, Arkansas Code Ann. §§ 16-63-501 *et seq*. (the "Anti-SLAPP statute"). For any and all three of the above reasons, the Bauer Defendants' motion to dismiss should be granted and Plaintiff's entire action against the Bauer Defendants dismissed. Accordingly, the Bauer Defendants respectfully request that this Court stay this proceeding in its entirety pending resolution of the Bauer Defendants' motion to dismiss.

## ARGUMENT

### A. This Court Has Broad Discretion To Control Discovery And Stay Proceedings Pending Resolution Of The Bauer Defendants' Motion To Dismiss

This Court has broad discretion to control discovery, including whether to stay discovery. *See Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. We have often recognized a district court's inherent power to manage and control its docket.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (*per*

*curiam*)); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("This Court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). Moreover, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), including an order that delays the commencement of discovery while the court decides a potentially dispositive motion. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 608 (D. Nev. 2011).

A stay of discovery pending a decision on a dispositive motion is an appropriate exercise of the district court's discretion. *See Ballard v. Heneman*, 548 F.3d 1132, 1136-37 (8th Cir. 2008); *Tilley v. United States*, 270 F. Supp. 2d 731, 734-35 (M.D.N.C. 2003); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 5 (D.D.C. 2001). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (stating that doors of discovery should not be open to a party who fails to adequately plead a cause of action). Courts have repeatedly held that efficiency is promoted by staying proceedings—particularly discovery—until pending dispositive motions are resolved. *See*, *e.g., Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (stay of discovery was appropriate while a motion for judgment on the pleadings was pending); *Tilley*, 270 F. Supp. 2d at 735 n.1 (granting a protective order staying discovery pending a decision on a motion to dismiss and a motion for summary judgment); *Johnson v. New York Univ. School of Ed.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (stay of discovery was proper while resolution of a dispositive motion was pending); *Chavous*, 201 F.R.D. at 2 ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (internal quotations omitted); *United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999)

(finding "good cause" to stay discovery due to a pending dispositive motion to dismiss). Where, as here, "resolution of these purely legal issues *does* dispose of the case . . . a stay will have prevented waste of assets through needless fact discovery." *Lazar v. Charles Schwab & Co. Inc.*, No. 14 Civ. 1511, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014). However, even "[i]f resolution of the motion to dismiss does *not* dispose of the case, it will focus the scope of discovery by identifying the governing law and the issues relevant to its application," thereby promoting efficiency. *Id.* Here, a stay of discovery and proceedings will highly benefit the "just, speedy, and inexpensive" resolution of this case, Fed. R. Civ. Pro. 1, while allowing proceedings to continue will lead only to costly and wasteful proceedings.

### B. A Stay Of This Proceeding Pending Resolution Of The Bauer Defendants' Motion To Dismiss Will Avoid Unnecessary And Costly Discovery

The Bauer Defendants' pending motion to dismiss is dispositive of all issues in this action against the Bauer Defendants. If granted, there will be no need for discovery. Even in the event that the motion to dismiss is denied, in part or whole, the scope of the relevant issues will be identified and narrowed through resolution of the motion to dismiss. Moreover, without a stay, the Bauer Defendants will suffer the hardship of substantial intrusions into its editorial processes and the chilling effect on its First Amendment rights posed by the pendency of such an action.

The pending motion to dismiss also raises issues of immunity pursuant to Arkansas' Anti-SLAPP statute, which provides that "[a]ny person making a privileged communication or performing an act in furtherance of the right of free speech or the right to petition government for a redress of grievances . . . in connection with an issue of public interest or concern shall be immune from civil liability . . . ." Ark. Code Ann. §§ 16-63-504. Courts have found stays of proceedings appropriate where issues of immunity are raised. *See Harlow v. Fitzgerald*, 457

U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The trial court did not abuse its discretion by staying discovery until the immunity issue was decided."). *See also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").[2]

While the Bauer Defendants would be unduly burdened by allowing this proceeding and discovery to continue while their dispositive motion to dismiss is pending, Plaintiff is not prejudiced by a stay. The only effect of a stay on Plaintiff would be to limit his ability to conduct discovery before the Bauer Defendants' rights have been adjudicated. This is hardly prejudicial. Plaintiff was well aware that the articles at issue, including copies of the police reports, were published on the *In Touch* website and in the magazine but still waited over two years before commencing this action. Indeed, within hours of the police report's publications, Plaintiff made a public statement admitting the allegations.[3] Plaintiff clearly was not compelled to pursue his claims in a prompt manner and a brief delay of this proceeding while the Bauer Defendants' motion to dismiss is pending will not prejudice him. In fact, similar to the Bauer Defendants, even if the motion to dismiss is denied Plaintiff will benefit from a stay because any decision will focus the scope of discovery and relevant issues, leading to more efficient discovery.

---

[2] Pursuant to Arkansas' Anti-SLAPP statute, "upon the filing of a motion to dismiss or a motion to strike under § 16-63-506" "[a]ll discovery and any pending hearings or motions in an action for a claim governed by § 16-63-505 shall be stayed." Ark. Code Ann. § 16-63-507. Accordingly, while the Court has discretion and should exercise that discretion to stay discovery pending the resolution of the Bauer Defendants' motion to dismiss for the reasons discussed here, a stay of the proceeding and discovery is also proper under Section 507 of the Anti-SLAPP statute.

[3] *See* http://www.intouchweekly.com/posts/josh-duggar-breaks-his-silence-regarding-child-molestation-allegations-58978 (May 21, 2015). *See also* https://www.facebook.com/duggarfamilyofficial/posts/653931128073873?fref=nf&pnref=story.

6

In short, without a stay the Bauer Defendants will be negatively impacted while the imposition of a stay has no prejudicial effect on Plaintiff. Accordingly, the Bauer Defendants request that the Court stay the pre-trial activities in this proceeding pending the resolution of the Bauer Defendants' motion to dismiss including a stay of the Rule 26(f) Conference, Initial Disclosures pursuant to Fed. R. Civ. P 26(a)(1), Rule 26(f) Report, any other action required under Fed. R. Civ. P. 26, Case Management Hearing, deadlines to amend pleadings or file third party claims, and any further scheduling order, discovery, or trial.

## CONCLUSION

For the reasons set forth herein, the Bauer Defendants respectfully request the Court stay any and all pre-trail proceedings and discovery as described herein until such time as the Court rules on the Bauer Defendants' motion to dismiss.

Dated: New York, New York
September 11, 2017

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ Elizabeth A. McNamara
Elizabeth A. McNamara
Jamie S. Raghu
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Phone: (212) 489-8230
Fax: (212) 489-8340
Email:   lizmcnamara@dwt.com
             jamieraghu@dwt.com

Cynthia W. Kolb
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Fax: (501) 371-0035
Email:   ckolb@cgwg.com

8

*Attorneys for Defendants Bauer Publishing Company, L.P.; Bauer Magazine, L.P.; Bauer Media Sales, Inc.; Bauer, Inc.; Heinrich Bauer North America, Inc.; and Bauer Media Group USA, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of September, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Gregory F. Payne
Attorney at Law
438 E. Millsap Road, Suite 103
Fayetteville, AR 72703

Travis Wayne Story
Story Law Firm, PLLC
P.O. Box 9210
Fayetteville, AR 72703

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR 72222-7250

Robert Justin Eichmann
Thomas N. Kieklak
Harrington, Miller, Kieklak, Eichmann & Brown, P.A.
4710 S. Thompson, Ste. 102
Springdale, AR 72764

Susan Keller Kendall
Kendall Law Firm, PLLC
3706 Pinnacle Hills Parkway, Suite 201
Rogers, AR 72758

                                                                /s/ Jamie S. Raghu