IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA DUGGAR, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:17-cv-05125-TLB |
| v. | ) | |
| | ) | |
| CITY OF SPRINGDALE, ARKANSAS; | ) | |
| WASHINGTON COUNTY, ARKANSAS; | ) | |
| THE STATE OF ARKANSAS, | ) | |
| DEPARTMENT OF HUMAN SERVICES, | ) | COMPLAINT FOF INJUNCTIVE RELIEF |
| DOUG SPROUSE, in his official capacity; | ) | AND DAMAGES FOR: |
| KATHY O'KELLEY, in her official and | ) | 1) INVASION OF PRIVACY - Public |
| individual capacity; | ) | Disclosure of Private Facts; |
| ERNEST CATE, in his official capacity; | ) | 2) INVASION OF PRIVACY - |
| DOUG SPROUSE, in his official capacity; | ) | Appropriation; |
| RICK HOYT, in his official capacity; | ) | 3) INVASION OF PROPERTY - Intrusion |
| STEVE ZEGA, in his official capacity; | ) | upon seclusion; |
| BAUER PUBLISHING COMPANY, L.P.; | ) | 4) TORT OF OUTRAGE; |
| BAUER MAGAZINE, L.P.; | ) | 5) VIOLATION OF DUE PROCESS - |
| BAUER MEDIA GROUP, INC. | ) | Under the Arkansas Constitution |
| BAUER, INC.; | ) | 6) 42 U.S.C. § 1983 – 14th Amendment |
| HEINRICH BAUER NORTH AMERICA, INC.) | | Violation of Due Process |
| BAUER MEDIA GROUP USA, LLC, | ) | 7) 42 U.S.C. § 1983 - *Monell* |
| CROSS, GUNTER, WITHERSPOON & | ) | |
| GALCHUS, P.C., and | ) | |
| DOES 1-10, inclusive, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO SEPARATE DEFENDANT CROSS
GUNTER'S MOTION TO DISMISS**

COMES NOW, Plaintiff Joshua Duggar, and for his Response to Separate Defendant

Cross Gunter's Motion to Dismiss for Failure to State a Claim, states as follows.

"Factual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (207).  In this case, Plaintiff has included a

detailed recitation of relevant facts necessary to request the desired relief contained in the

complaint.  As set forth in the Arkansas Model Jury Instructions – Civil, specifically, AMI 422,

the elements of a Claim for Damages Based Upon Invasion of Privacy by Public Disclosure of Private Facts are as follows:

1.  That plaintiff sustained damages;

2.  That defendant made a *public disclosure* of a fact about plaintiff; [Emphasis added]

3.  That before this disclosure the fact was not known to the public;

4.  That a reasonable person would find disclosure of the fact highly offensive;

5.  That defendant knew of should have known that the disclosed fact was private;

6.  That the fact was not of legitimate public concern; and

7.  That the public disclosure of the fact was a proximate cause of plaintiff's damages.

Moreover, "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)

A.  Defendant Cross Gunter (identified throughout the complaint as "CGWG") argues that the information in question was already known to the public before Cross Gunter obtained any documents responsive to its FOIA request.  In support whereof, it argues, as acknowledged by Plaintiff in his Complaint, that an article had been posted on May 19, 2015 in *In Touch Weekly*, a magazine published by the Separate Bauer Defendants, clients of Defendant Cross Gunter, and on whose behalf Defendant Cross Gunter requested the private information through its May 15, 2015 FOIA request.  Plaintiff so alleges in Paragraph 6 of the Complaint.  Plaintiff further alleges, in Paragraph 40, that "[w]hile Defendant CGWG was seeking information on behalf of the IN TOUCH DEFENDANTS from the other Defendants under FOIA, it was simultaneously providing legal counsel to the CITY DEFENDANTS regarding redaction of names, statutory authority for the disclosures, as well as statutory authority purportedly

providing immunity for the illegal disclosures." So while it is true the initial article disclosing some private facts appeared in *In Touch Weekly* prior to the illegal release of protected documents pursuant to the FOIA request, there had, as alleged by Plaintiff, already been an exchange of private information between the City Defendants and Cross Gunter, which information appeared in the magazine. Cross Gunter, therefore, is in the unenviable position of arguing that a set of private facts were publicly disclosed through communication between defendants that it facilitated, yet it is not responsible since no documents had yet changed hands, all facts alleged in the Complaint. A quick sketch of the facts is disclosed by *In Touch* on May, 19, 2015 "reporting exclusively," in anticipation of the disclosure of additional private facts to be published in "the new issue of *In Touch Weekly*, on newsstands tomorrow?" ¶ 50. The information shared by the defendants was less a hurried response to a FOIA request that a rush to meet a publishing deadline. Further, Plaintiff's Complaint alleges that "Defendant O'KELLEY was personally familiar with the attorneys for [Cross Gunter] through which the FOIA requests were made, made preliminary revelations of the contents of said reports to those attorneys prior to the improper release of the partially redacted offense report that were the basis for the FOIA request . . .," (¶ 24) supporting the aforesaid allegations of communication between the defendants and the May 19, 2015 intial publication of private facts as a result.

B. "Ignorance of the law is no excuse" is "the traditional rule." *Bryan v. U.S.*, 524 U.S. 184 (1998). That such an argument is made here is a little surprising. Paragraph 85 of the Complaint alleges that "[t]he CGWG and IN TOUCH DEFENDANTS knew or should have known that the Offense Report, Incident Report, and the details contained in those documents contained private and confidential information." *See also*, ¶ 78. While Plaintiff cannot know for sure what Cross Gunter knew at the time, the law is set forth rather clearly in both the Child

Maltreatment Act, A.C.A. § 12-18-101 et seq. and the Juvenile Code, A.C.A. § 9-27-301 et. Seq. ¶ 7.

C.  Similarly, Cross Gunter did not request information pursuant to FOIA from the City and County Defendants for its own reading enjoyment.  It requested disclosure of the private information for the purpose of handing the information over to its client for publication, acting in concert with the Separate Defendants and other known and unknown to Plaintiff.  ¶ 8.   In fact, the FOIA request itself contained information not otherwise available to the public.  ¶ 45.  AMI 422 defines "public disclosure" as "communicating to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge."  In the *Wood* case cited by Defendant Cross Gunter, is easily distinguished.  *Wood v. National Computer Sys., Inc*., 814 F.2d 544 (8th Cir. 1987).  *Wood* dealt with the inadvertent mailing of testing results opened by the wrong individual.  What we have here is a law firm requesting information contained in investigative reports protected by Arkansas law purportedly under another provision of Arkansas law for the purpose of turning that information over to a magazine publisher for global distribution, an act that exceeds "all possible bounds of decency" *Wood*, supra.  Such a result was substantially certain.  Immediately upon the illegal release of the reports by City Defendants, to Cross Gunter, they appeared in *In Touch Magazine*, as advertised.  ¶¶ 65, 85.  All the aforementioned allegations suggest that Cross Gunter, acting in concert with other defendants, illegally produced private facts for purposes of publication.

WHEREFORE, Plaintiffs respectfully request this Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

STORY LAW FIRM, PLLC

By    /s/ Gregory F. Payne
Travis W. Story (2008274)
Gregory F. Payne (2017008)
438 E. Millsap, Suite 103
Fayetteville, AR  72703
(479) 443-3700
Fax (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I, Gregory F. Payne, do hereby certify that on the 14th day of September 2017, a true and correct copy of the above and foregoing Response in Opposition to Motion to Dismiss was filed with the Clerk via the CM/ECF system, which will send notification of filing to the following:

Robert Justin Eichmann
Harrington Miller Neihouse Kieklak PA
113 E. Emma Ave/P.O. Box 687
Springdale, AR 72764
jeichmann@arkansaslaw.com

Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Suite 201
Rogers, AR 72758
skk@kendalllawfirm.com

Thomas N. Kieklak
Harrington, Miller & Kieklak, P.A.
113 E. Emma Ave/ P.O. Box 687
Springdale, AR 72765-6765
tkieklak@arkansaslaw.com

Cynthia W. Kolb
Cross, Gunter, Witherspoon & Galchus, P.
500 President Clinton Ave, Suite 200
Little Rock, AR 72201
ckolb@cgwg.com

Elizabeth Anne McNamara
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020

lizmcnamara@dwt.com

Jamie Somoza Raghu
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
jamieraghu@dwt.com

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR  72222-7250
(501) 868-2500
Fax (501) 868-2505
owens@rainfirm.com

Edwin Lee Lowther, Jr.
Wright Lindsey Jennings LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR  72201
(501) 371-0808
Fax (501) 376-9442
elowther@wlj.com

                                    /s/ Gregory F. Payne
                                  Gregory F. Payne