IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DUGGAR                                                                                    PLAINTIFF

V                                          CASE NO. 5:17-cv-5125 TLB

CITY OF SPRINGDALE, ARKANSAS;
WASHINGTON COUNTY, ARKANSAS;
THE STATE OF ARKANSAS,
DEPARTMENT OF HUMAN SERVICES;
DOUG SPROUSE, in his official capacity;
KATHY O'KELLEY, in her official and individual capacity;
ERNEST CATE, in his official capacity;
RICK HOYT, in his official capacity;
STEVE ZEGA, in his official capacity;
BAUER PUBLISHING COMPANY L.P.;
BAUER MAGAZINE, L.P.; BAUER MEDIA GROUP, INC.
BAUER INC.; HEINRICH BAUER NORTH
AMERICA, INC.; BAUER MEDIA GROUP USA, LLC.,
CROSS GUNTER WITHERSPOON & GALCHUS, P.C.;
and DOES 1-10, inclusive                                                                       DEFENDANTS

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Separate defendant Cross Gunter Witherspoon & Galchus, P.C. ("Cross Gunter") previously moved to dismiss plaintiff's claim of invasion of privacy—plaintiff's sole claim against Cross Gunter. (Docs. 33 and 34). Plaintiff has now responded. (Doc. 48). For the reasons stated below, and in Cross Gunter's opening brief, plaintiff's complaint fails to state a claim against Cross Gunter and should be dismissed.



In its opening brief, Cross Gunter argued that the claim against it failed because plaintiff conceded that the information in question was already known to the public before Cross Gunter obtained any documents responsive to its FOIA[1] request. *See* Ark. Model Instr. 422 (a plaintiff must prove "that before [the] disclosure the fact was not known to the public"). In response, plaintiff directs the Court to paragraphs 24, 40 and 50[2] of his complaint and argues that these paragraphs contain allegations of fact that suggest Cross Gunter was somehow responsible for the publication of allegedly private information that occurred prior to Cross Gunter receiving a response to its FOIA request; however, these paragraphs contain no such allegations. Simply stated, there is no allegation of fact in these paragraphs that suggests that Cross Gunter was somehow responsible for the information contained in the article published by the In Touch Defendants on May 19, 2015, the day before Cross Gunter received the response to its FOIA request. (Doc. 1 at ¶¶ 50-51). Without such an allegation, plaintiff has failed to address Cross Gunter's argument: the information in question was known to the public before Cross Gunter was allegedly involved in the information's disclosure. As such, plaintiff fails to state a claim for invasion of privacy, and his complaint as against Cross Gunter should be dismissed.

Cross Gunter also argued in its opening brief that it had no duty to question a government agency's determination of what constituted a "public record" under

---

[1] Ark. Code Ann. § 25-19-101 *et seq.*

[2] There are two paragraphs numbered "50" in the complaint. Plaintiff's response refers to the second occurrence of paragraph 50 found at pages 17-18 of the complaint.

FOIA or refrain from disseminating what it was provided in response to its FOIA request to its client. Plaintiff makes no attempt to provide legal support that would call Cross Gunter's argument into question and, instead, simply quotes a legal maxim that ignorance of the law is no excuse. But it is not a question of ignorance, rather it is one of duty, and the law is actually quite clear on this point: it is the custodian of records/government agency that makes the determination of what constitutes a "public record" and a negative determination on that question is subject to judicial review. *See* Ark. Code Ann. § 25-19-105 and 107. *See also Young v. Rice*, 308 Ark. 593, 826 S.W.2d 252 (1992). Nothing in the FOIA places a duty on a record requestor like Cross Gunter to question the custodian's positive determination that the records in question should be released. As such, plaintiff fails to state a claim for invasion of privacy, and his complaint as against Cross Gunter should be dismissed.

Cross Gunter also argued that plaintiff failed to allege facts that would support a finding that Cross Gunter made a "public disclosure" of allegedly private facts about plaintiff as that term is defined under Arkansas law. *See* Ark. Model Instr. 422. *See also Wood v. National Computer Sys., Inc.*, 814 F.2d 544 (8th Cir. 1987). In response, plaintiff essentially concedes that Cross Gunter's alleged disclosure is limited to one person, i.e., its client. Nonetheless, plaintiff argues that, because Cross Gunter's client is a media company, this Court should ignore the Eighth Circuit's clear directive that the alleged disclosure of private information to one other person is insufficient as a matter of law to support plaintiff's claim

against Cross Gunter. *See Wood*, 814 F.2d at 545. Absent the essential element of "public disclosure" as that term is defined under Arkansas law, plaintiff fails to state a claim for invasion of privacy, and his complaint as against Cross Gunter should be dismissed.

Finally, rather than overburden the already voluminous record with duplicative briefing, Cross Gunter previously adopted and incorporated by reference the arguments made in the motions to dismiss filed by the other defendants. Cross Gunter now reiterates this point and again adopts and incorporates by reference the motions to dismiss, briefs in support and reply briefs whenever filed by the Springdale (or City) defendants, the Washington County defendants and the Bauer (or In Touch) defendants and state that the claims against Cross Gunter should be dismissed for the reasons raised in those filings as well.

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: elowther@wlj.com
                    pmorris@wlj.com

By_____
    Edwin L. Lowther, Jr. (81107)
    Paul D. Morris (2001238)
    Attorneys for Defendant Cross Gunter
    Witherspoon & Galchus PC

## CERTIFICATE OF SERVICE

I hereby certify that on September ___, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Travis W. Story – travis@storylawfirm.com
Gregory F. Payne – greg@storylawfirm.com

*Counsel for Plaintiffs*

Susan Keller Kendall – skk@kendalllawfirm.com
Thomas N. Kieklak – tkieklak@arkansaslaw.com
R. Justin Eichmann – jeichmann@arkansaslaw.com

*Counsel for Defendants
City of Springdale, Doug Sprouse,
Kathy O'Kelley and Ernest Cate*

Jason E. Owens – owens@rainfirm.com

*Counsel for Defendants
Washington County,
Rick Hoyt and Steve Zega*

Elizabeth Anne McNamara – lizmcnamara@dwt.com
Jamie Somoza Raghu – jamieraghu@dwt.com
Cynthia W. Kolb – ckolb@cgwg.com

*Counsel for Defendants
Bauer Publishing Company L.P.,
Bauer Magazine, L.P.,
Bauer Media Group, Inc.,
Bauer Inc.,
Heinrich Bauer North America, Inc., and
Bauer Media Group USA, LLC*

Paul D. Morris