## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| JOSHUA DUGGAR, )<br>Plaintiff, )<br> )<br>v. )<br> )<br> )<br>CITY OF SPRINGDALE, ARKANSAS; )<br>WASHINGTON COUNTY, ARKANSAS; )<br>THE STATE OF ARKANSAS, )<br>DEPARTMENT OF HUMAN SERVICES, )<br>DOUG SPROUSE, in his official capacity; )<br>KATHY O'KELLEY, in her official and )<br>individual capacity; )<br>ERNEST CATE, in his official capacity; )<br>DOUG SPROUSE, in his official capacity; )<br>RICK HOYT, in his official capacity; )<br>STEVE ZEGA, in his official capacity; )<br>BAUER PUBLISHING COMPANY, L.P.; )<br>BAUER MAGAZINE, L.P.; )<br>BAUER MEDIA GROUP, INC. )<br>BAUER, INC.; )<br>HEINRICH BAUER NORTH AMERICA, INC.)<br>BAUER MEDIA GROUP USA, LLC, and )<br>DOES 1-10, inclusive, )<br>Defendants. ) | Case No. 5:17-cv-05125-TLB<br><br><br><br>COMPLAINT FOF INJUNCTIVE RELIEF<br>AND DAMAGES FOR:<br>1) INVASION OF PRIVACY - Public<br>Disclosure of Private Facts;<br>2) INVASION OF PRIVACY -<br>Appropriation;<br>3) INVASION OF PROPERTY - Intrusion<br>upon seclusion;<br>4) TORT OF OUTRAGE;<br>5) VIOLATION OF DUE PROCESS -<br>Under the Arkansas Constitution<br>6) 42 U.S.C. § 1983 – 14th Amendment<br>Violation of Due Process<br>7) 42 U.S.C. § 1983 - *Monell* |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO BAUER DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

The First Amendment does not permit Bauer Defendants to trample Plaintiff's rights by posting in lurid detail on its website, for all the world to see, unlawfully disclosed, confidential information about the sexual assault of minors as alleged of Plaintiff.  If Bauer Defendants prevail in dismissing Plaintiff's claims, the right to privacy under the most sensitive conceivable set of facts would be effectively eliminated.  Balancing the media's protections with minor sexual assault victims', underage juvenile offenders' and the right to privacy as anticipated by

Arkansas law does not provide a blind, unlimited license to tabloids.  Plaintiff's privacy rights are not trumped by claims of freedoms of the press, especially under this set of facts under Arkansas law.  Bauer Defendants' Motion to Dismiss (Doc. 40) must therefore be denied.

## II. RELEVANT FACTS

On or about December 7, 2006, the Arkansas State Police Hotline Call Center received a report of alleged child abuse naming Plaintiff as the offender, alleging he had sexually contact with minor children in 2002 and 2003.  *See* Complaint ¶ 1, May 18, 2017, ECF No. 1 ("Compl.").  Five days later, the Washington County Sherriff's Office conducted interviews with the alleged victims and their parents, and investigators advised that all statements would remain confidential per Arkansas law and would never be disclosed to the public.  *Id.* ¶¶ 4, 47.  The contents of the interviews in tawdry detail were documented in the City of Springdale, Arkansas Police Department Offense Report and the Washington County, Arkansas Sherriff's Office official Incident Report.  *Id.* ¶ 4.  Detective Hignite completed a Family in Need of Services ("FINS") affidavit, which was filed by the Washington County Prosecutor's Office at the Police Department's request, and private, confidential hearings began soon after.  *Id.* at ¶ 5.

Nine and a half years later, on May 15, 2015, law firm Defendant Cross, Gunter, Witherspoon & Galchus, P.C. submitted a Freedom of Information Act of 1967 ("FOIA") request, for purposes of media publication, on behalf of Bauer Defendants seeking copies of the Offense Report, Incident Report, and any other documentation related to the investigation concerning child sexual contact allegations against Plaintiff.  *Id.* ¶¶ 6, 48.  On May 19, 2015, before ever receiving documents responsive to the FOIA request, *In Touch Weekly* posted an article on its website under the headline "'19 Kids and Counting' Son Named in Underage Sex Probe."  *Id.*  ¶ 50, 51.  The article promoted sales of the hardcopy version: "for the latest inside

Josh Duggar's shocking past, pick up the new issue of *In Touch Weekly*, on newsstands tomorrow!" *Id.* ¶ 50.  On the evening of May 20, 2015, the Springdale, Arkansas Police Department approved the Offense Report for distribution. *Id.* ¶¶ 52-56.  The following day, the Washington County Sheriff's Department approved distribution of the Incident Report. *Id.* ¶ 58.

On May 21, 2015, *In Touch Weekly* posted a partially-redacted copy of a Springdale Police Department Offense Report that *In Touch Weekly* received through FOIA Requests. *Id.* ¶ 65.  The partially-redacted Offense Report redacted Plaintiff's and the alleged victims' names, but failed to redact Jim Bob Duggar's or Michelle Duggar's names, the family's address, and personal information regarding the alleged victims, including that the four were Plaintiff's sisters who slept in a common room at the time of the alleged events. *Id.*  That day, the Sherriff's Office released to Bauer Defendants the Incident Report with similar merely cosmetic redactions. *Id.* ¶ 59.  The Incident Report expressly identified one of the alleged victims as Josh Duggar's then 5 year-old sister. *Id.*

That same day, May 21, 2015, Judge Zimmerman, a juvenile court judge for the Circuit Court of Washington County, Arkansas, entered an order expunging the Offense Report from the public record to protect the identities of the affected parties. *Id.* ¶ 70.  Judge Zimmerman pointed specifically to Arkansas Code Annotated § 16-90-1104's prohibition against law enforcement disclosure of information "directly or indirectly identifying the victim of a sex crime." *Id.*

Five days later, on May 26, 2015, *In Touch Weekly* posted an article entitled "Josh Duggar's Youngest Molestation Victim May Have Been as Young as 5-Years-Old." *Id.* ¶ 71.  The article highlights details to make it clear that four of the alleged underage victims lived at home with Jim Bob and Michelle Duggar, and were therefore Plaintiff's younger sisters. *Id.*  The article even stated that although the Offense Report includes redactions, it was obvious one of Plaintiff's

alleged victims was as young as 5 years old.  *Id.*  That day, Judge Zimmerman entered an order ruling that juvenile records, including the alleged victim interviews and the information about their sexual contact, are confidential and thereby not subject to FOIA disclosure under the "liberally construed" Arkansas Juvenile Code.  *Id.*

*In Touch Weekly* continued to publish articles after Judge Zimmerman's May 26, 2015 ruling containing lurid details about the sexual allegations, by either linking to prior articles containing the Reports or including actual images from the report.[1]  *Id.*  *In Touch Weekly* published numerous such articles throughout the first two weeks of June 2015.  *Id.*  In just a week and a half, Bauer Defendants posted or approved the posting of at least eight articles including copies of the thirty-three (33) page Offense Report itself and/or details of confidential interviews contained therein.  *Id.*

On June 1, 2015, Judge Zimmerman issued a supplemental order reiterating her prior orders that the police reports and the alleged victims' information contained therein were confidential and not subject to FOIA disclosure.  *Id.* ¶ 72.  Nevertheless, seeking to capitalize on continued publicity generated by Plaintiff's story, on the morning of June 3, 2015, *In Touch Weekly* published yet another article on its website, this time including a partially-redacted copy of an Incident Report from the Washington County Sherriff's Office.  *Id.* ¶ 73.  The Incident Report removed the alleged victims' names, but failed to redact Jim Bob's and Michelle's names, the family's address, and other personal information.  Notably, the Incident Report included a passage clearly identifying one of the alleged 2003 victims as Plaintiff's then 5-year-old sister. *Id.* ¶ 71.  Notably, these articles remain to this day on the Internet, and *In Touch Weekly*

---

[1] http://www.intouchweekly.com/posts/jim-bob-duggar-stopped-cooperating-with-police-during-josh-s-molestation-investigation-59483; http://www.intouchweekly.com/posts/josh-duggar-chilling-molestation-confession-in-new-police-report-59752.

referenced the alleged sexual molestation involving Plaintiff in an April 2017 blog article.[2]

### III. LEGAL STANDARD

A motion to dismiss a complaint for failure to state a claim tests the legal sufficiency of the complaint.  "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (internal citations omitted).  The allegations in the complaint should be construed in favor of the pleader.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).   Additionally, allegations must be reviewed in their totality and "not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Villa v. Inter-Am Inv. Corp.*, 570 F.3d 274, 285 (D.C. Cir. 2009) (factual allegations should be "viewed in their totality") and *Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("The injury is whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard."). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Taking the Complaint as a whole, Plaintiff sets forth in his Complaint far more than plausible allegations to hold Bauer Defendants accountable for their violation of Plaintiff's constitutional and state-law rights.

### IV. THE CAUSES OF ACTION AGAINST BAUER DEFENDANTS SHOULD NOT BE DISMISSED.

---

[2] http://www.intouchweekly.com/posts/duggar-in-laws-131211/photos/joseph-duggar-kendra-caldwell-248651.

Most of Bauer Defendants' motion to dismiss operates from the premise that the information obtained about Plaintiff through FOIA requests was lawful. However, the lawfulness of the disclosures about Plaintiff is an issue at the heart of this case. Even the most cursory inquiry into Arkansas law is clear that the Arkansas Child Maltreatment Act and Arkansas Juvenile Code mandate that juvenile investigations and proceedings remain confidential and private. *See* A.C.A. § 12-18-101 *et seq.* and A.C.A. § 9-27-301 *et seq. See also* Compl. ¶ 7. Further, pursuant to A.C.A. § 16-90-1104(b), Arkansas law mandates that a "law enforcement agency shall not disclose to the public information directly or indirectly identifying the victim of a sex crime."

The facts at issue here – revelation of intimate and specific details of the alleged sexual contact with minors – were recorded in connection with a FINS case investigating allegations of against Plaintiff; therefore, the information is FOIA-exempt under Arkansas Juvenile Code § 9-27-309(j); *see also* Compl. ¶ 11. FINS hearings are closed to the public, and all records are confidential. A.C.A. § 9-27-309; s*ee also* Rachel Runnels, 5 Arkansas Family Law and Practice § 15:4. Allegedly pursuant to FOIA, law firm Defendant Cross, Gunter, Witherspoon & Galchus, P.C. submitted FOIA requests on behalf of Bauer Defendants for purposes of media publication. *See* Compl. ¶ 6. Ignorance of the parameters of the very law under which Bauer Defendants sought to obtain information about Plaintiff's sexual allegations certainly cannot equate to blind licensure under the First Amendment.

Bauer Defendants cannot merely blame the Washington County Sheriff's Department and Springdale, Arkansas Police Department for the illegal release of information. Plaintiff has pled sufficient facts to support Bauer Defendants' complicity in the illegal release of the records of the allegations against Plaintiff while he and the alleged victims were minors. *See* Compl. ¶¶

45-64.  Most notably, Bauer Defendants began publishing details about the allegations against Plaintiff *before* even receiving responses to its FOIA requests.  *Id.* ¶¶ 50, 51.  Bauer Defendants' FOIA request was submitted by a law firm with clear ties to the Springdale, Arkansas Police Department.  *Id.* ¶ 46.  Defendant O'Kelley, Chief of Police for the City of Springdale, is a close personal friend of Carolyn Witherspoon, a named partner at the firm, and O'Kelley even suggested that the firm be consulted regarding the propriety of the release of the records.  *Id.*  ¶¶ 54-56.  Police Chief O'Kelley herself, rather than a public records officer, worked late into the night to produce records responsive to Bauer Defendants' FOIA request to help Bauer Defendants meet its publication deadline.[3]  *Id.* ¶¶ 55-56.  Moreover, the information contained in the FOIA request and *In Touch Weekly*'s initial article goes a step beyond mere speculation, and suggests that Bauer Defendants were receiving information from an inside source prior to obtaining the actual Offense Report and Incident Report.  Bauer Defendants' lawyer somehow knew which officers were involved in submitting the reports.

Bauer Defendants' motion to dismiss should be denied, as Plaintiff has pled more than plausible claims in his Complaint.

### A. Plaintiff's Invasion of Privacy – Public Disclosure of Private Fact Claim Should Not Be Dismissed.

The tort of public disclosure of private fact "recognizes a cause of action in publicity, of a highly objectionable kind, given to private information about a plaintiff even though it is true and no defamation action would life."  *Williams v. Am. Broad. Companies, Inc.*, 96 F.R.D. 658, 669

---

[3] Emails between O'Kelley and Bauer Defendants' lawyer verify that O'Kelley herself worked on the night of May 20, 2015 to expedite the release of records at 8:58p.m. only 5 days after the Springdale Police Department received Bauer Defendants' FOIA request.  These emails also verify the personal relationship between O'Kelley and Carolyn Witherspoon, a partner of law firm Cross, Gunter, Witherspoon & Galchus, P.C.

(W.D. Ark. 1983).  To establish a claim for invasion of privacy due to public disclosure of a private fact, a plaintiff must prove: (1) the defendant made a public disclosure of a fact about plaintiff; (2) before this disclosure, the fact was not known to the public; (3) a reasonable person would find disclosure of the fact highly offensive; (4) that defendant knew or should have known that the disclosed fact was private; (5) That the fact was not of legitimate public concern; and (6) the public disclosure of the fact was a proximate cause of plaintiff's damages.  *See* Ark. Model Jury Instr., Civil AMI 422.  As discussed below, Plaintiff has sufficiently alleged a *prima facie* case for public disclosure of private facts.

Bauer Defendants do not dispute nor can they that (1) they made public disclosures of private facts regarding the allegations against Plaintiff (2) that were unknown to the public prior to Bauer Defendants' disclosure.  *Id.*  ¶ 50.  Publication of the Offense Report and Incident Report online made it available to anyone in the public free of charge.  *Id.* ¶¶ 65, 73.  Regarding the third element of the claim, any reasonable person would find disclosure of facts concerning allegations of underage juvenile sexual misconduct highly offensive, and Plaintiff has sufficiently pled such facts.  *Id.* ¶ 87.  Likewise, Bauer Defendants do not contest that the material it published was offensive nor can they.  Rather, Defendants knew that posting lurid details of allegations of children's sexual abuse was highly offensive, such that it posted the following disclaimer:

**WARNING: Graphic descriptions contained in police report.**

*Id.* ¶ 65.  With the warning, Defendants posted the full thirty-three (33) page Offense Report and a narrative describing its contents under the headline "Jim Bob Duggar Didn't Report Son Josh's Alleged Sex Offenses For More Than a Year."  *Id.*  The publication was so offensive that users on social media and online forums immediately began identifying which members of the Duggar

family were the alleged sexual abuse victims and expressing concern and sympathy for the exposed alleged victims. *Id.* ¶¶ 66-68. This warning further demonstrates that publication of the facts included in the Offense Report were offensive and objectionable to a reasonable person of ordinary sensibilities and even more offensive to Plaintiff who believed the allegations had long since been resolved.

Fourth, Bauer Defendants knew or should have known that the facts disclosed were private. To support a claim for public disclosure of private fact, the fact disclosed must be actually private in nature and not a matter of public record. *See Coplin v. Fairfield Pub. Access Television Comm.*, 111 F.3d 1395, 1404 (8th Cir. 1997). Poignantly here, pursuant to Arkansas law, FINS hearings are closed to the public, and all records are confidential. A.C.A. § 9-27-309. *See also* Rachel Runnels, 5 Arkansas Family Law and Practice § 15:4.

All facts at issue here remained private, outside the public eye, from when the events occurred in 2002 and 2003 through May 19, 2015 when *In Touch Weekly* began blasting headlines about minors' sexual assaults on the Internet. *Id.* ¶¶ 50, 51. On or about December 7, 2016, the Arkansas State Police Hotline Call Center received a report of child abuse naming Plaintiff as the purported offender, alleging he had sexual contact with minor children, events having occurred at least three and a half years prior, in 2002 and 2003. *Id.* ¶ 1. The Washington County Sheriff's Office investigated, and on December 20, 2006, Detective Hignite filled out a FINS affidavit, which was filed by the Washington County Prosecutor's Office, and subsequent juvenile hearings commenced against Plaintiff as the alleged juvenile offender. *Id.* ¶ 5. All facts concerning the allegations against Plaintiff were kept private, unknown to the public, for nine and a half (9 ½) years after the FINS case was opened and nearly 13 years since the alleged sexual abuse began. *Id.* ¶ 6. These facts remained confidential until law firm Defendant Cross,

Case 5:17-cv-05125-TLB   Document 54   Filed 09/26/17   Page 10 of 20 PageID #: 450


Gunter, Witherspoon & Galchus, P.C. submitted FOIA requests on behalf of Bauer Defendants for purposes of media publication, although Defendants immediately disclosed the private facts of the alleged sexual contact to the public – even before recipients of the FOIA requests had even responded.  *Id.* ¶¶ 6, 50-51.  Bauer Defendants disclosed to the public intimate and specific facts about the allegations of Plaintiff's sexual misconduct along with identifying information about Plaintiff that Arkansas law governing FINS hearings and juvenile records mandates must remain confidential and private.

Fifth, the facts disclosed concerning the allegations of sexual misconduct against Plaintiff are not matters of legitimate public concern.  Bauer Defendants rely on the Supreme Court's decision in *The Florida Star v. B.J.F.*, 491 U.S. 524, 109 S. Ct. 2603 (1989), wherein the Court held that a statute imposing civil damages on a newspaper for accurately publishing the lawfully-obtained name of a rape victim violated the First Amendment.  Following *Florida Star*, cases rejecting public disclosure of private fact claims brought by rape or attach victims emphasize that the rulings are limited to the specific facts of the case.  *See e.g., Ross v. Midwest Commc'n, Inc.*, 870 F.2d 271, 275 (5th Cir. 1989) (noting court's decision turned on the peculiar facts in the case and identifying situations where release of victim information or attack details were not of public concern, emphasizing a state's power to protect rape victims' privacy by preserving the confidentiality of various state records).

Bauer Defendants published facts concerning the allegations of sexual misconduct against Plaintiff that were not crucial to reporting the news, including specifics about how and where the allegations occurred.  *In Touch Weekly* included a disclaimer on its first post containing the Offense Report, which stated "WARNING: Graphic descriptions contained in police report."[4]

---

[4] http://www.intouchweekly.com/posts/bombshell-duggar-police-report-jim-bob-duggar-didn-t-

*See* Compl. ¶ 65.  While certain basic facts, such as dates and general locations are crucial to newsworthy reporting on the allegations, the "graphic descriptions" absolutely are not.  The "graphic descriptions" were included precisely to pinpoint Plaintiff's family and his sisters as the alleged victims, identify that they were indeed the Duggar daughters, thereby inciting a frenzy of tabloid readership.

Bauer Defendants do not contest whether Plaintiff met the sixth and final element of a claim for public disclosure of private facts under Arkansas law.  Plaintiff has sufficiently pled in his Complaint that Bauer Defendants' public disclosure of private facts was the direct and proximate cause of the harm Plaintiff suffered.  *Id.* ¶ 85-90.

In response to a motion to dismiss, Plaintiff is required only to show that when all facts alleged are presumed true and all inferences are construed in his favor, he has plausible claims that the revelation of graphic descriptions of the allegations of sexual misconduct of which he was accused and facts not crucial to simply reporting the case are not matters of public concern such that public disclosure is improper.  The facts alleged in Plaintiff's Complaint are more than sufficient to meet this burden.

### B. Plaintiff's Invasion of Privacy – Appropriation Claim Should Not Be Dismissed.

Taking the facts alleged in the Complaint as true, Plaintiff is far more than plausibly entitled to maintain his claims for invasion of privacy due to appropriation.  To support such claim, a plaintiff must show: (1) the defendant must have used plaintiff's name or likeness; (2) the public must be able to identify plaintiff in defendant's use of the name or likeness; (3) defendant's use of plaintiff's name or likeness was for defendant's own purposes or benefit, commercial or otherwise; and (4) defendant's actions were a proximate cause of plaintiff's

---

report-son-josh-s-alleged-sex-offenses-for-more-than-a-year -58906.

damages.  *Stanley v. General Media Comm'n*, 149 F.Supp. 2d 701, 708 (W.D. Ark. 2001).  *See also* Ark. Model Jury Instr. Civil § 421.  In short, "an actionable claim for appropriation invasion-of-privacy claim, in turn, consists of use of the plaintiff's name or likeness for defendants' benefit.  *LasikPlus Murphy, M.D., P.A. v. LCA-Vision, Inc.*, 776 F.Supp. 886, 899 (E.D. Ark. 2011) (citing *Milam v. Bank of Cabot*, 327 Ark. 256, 263, 937 S.W.2d 653, 657 (1997)).  "The defendant must have capitalized on the use of the plaintiff's likeness or name by selling more of a product or service" or otherwise employing a "commercial use of a person's name or likeness."  *Stanley*, 149 F.Supp. at 706.

In their motion to dismiss, Bauer Defendants contend that "plaintiff cannot as a matter of law claim the Articles were for a commercial use and his appropriation claim must be dismissed."  MTD at 25.  First, proof "as a matter of law" is not the legal standard by which a motion to dismiss is to be judged.  In fact, Plaintiff *can* and *did* plead in his Complaint that Bauer Defendants published a myriad of articles on the Internet and in print.  *See* Compl. ¶¶ 50, 57.  To illustrate Bauer Defendants' commercial use of Plaintiff's likeness, the May 19, 2015 *In Touch Weekly* website hosted the headline "'19 Kids and Counting' Son Named in Underage Sex Probe," and the post concluded with a sales promotion for the hardcopy version: "for the latest inside Josh Duggar's shocking past, pick up the new issue of *In Touch Weekly*, on newsstands tomorrow!"  *Id.*  This, by definition, constitutes use for the commercial purpose of increasing tabloid sales.

Plaintiff's claim of invasion of privacy by appropriation is certainly plausible as pled, and Bauer Defendants' motion to dismiss this claim fails.

**C. Plaintiff's Invasion of Privacy – Intrusion Upon Seclusion Claim Should Not Be Dismissed.**

Plaintiff's Complaint alleges plausible claims for invasion of privacy for intrusion upon

seclusion, alleging both intrusion and seclusion.  *See* Compl. ¶¶ 108-113.  Thus, Bauer

Defendants' motion to dismiss the invasion of privacy for intrusion upon seclusion must fail.  To

prove intrusion upon seclusion under Arkansas law, a plaintiff must establish: (1) that he

suffered damages; (2) the defendant intentionally intruded physically or otherwise upon

plaintiff's solitude or seclusion and believed or was substantially certain that he lacked the

necessary legal authority or personal permission, invitation, or valid consent to commit the

intrusive act; (3) the intrusion was of the kind that would be highly offensive to a reasonable

person; put differently, the intrusion is the result of conduct to which a reasonable person would

strongly object; (4) the plaintiff conducted herself in a manner consistent with an actual

expectation of privacy; and (5) the defendants' intrusion was the proximate cause of the

plaintiff's damages.  *See Coombs v. J.B. Hunt Transport, Inc.*, 388 S.W.3d 456, 460-462 (Ark.

Ct. App. 2012); Ark. Model Jury Instr. Civil § 420.

Bauer Defendants contend that "Plaintiff has not plausibly alleged that an actionable

intrusion occurred."  MTD at 26.  The Complaint, however, clearly alleges that Defendants

committed an intrusion when they published on the Internet intimate details of alleged sexual

assaults with identifying information from the Offense Report and Incident Report, as well as the

full thirty-three page Offense Report itself.  *See* Compl. ¶¶ 65-69, 108-113.  These facts were

previously-unknown facts to the general public; therefore, Bauer Defendants' publication

infringed upon Plaintiff's right to be left alone.  *Id.*

"Intrusion" is not limited to intrusions into plaintiff's physical space; it includes invasion

of the physical realm as well as infringement upon a person's emotional sanctum and notions of

civility and personal dignity.  *Coombs*, 388 S.W.3d at 461; *see also Fletcher v. Price Chopper*

*Foods of Trumann, Inc.*, 220 F.3d 871, 876 (8th Cir. 2000) (applying Arkansas law; holding

employer's use of employee's medical authorization from a workers compensation form "left little doubt that [the employer] intruded" upon employee's seclusion).  Similarly, here, revealing intimate details of allegations of sexual misconduct against Plaintiff, the thirty-three Offense Report, and the Incident Report was an intrusion upon Plaintiff's emotional sanctum and personal dignity though it did not involve physical intrusion of personal space.

Thus, Plaintiff has sufficiently alleged intrusion, and Bauer Defendants' motion to dismiss the invasion of privacy for intrusion upon seclusion claim fails.

**D. Plaintiff's Tort of Outrage Claim Should Not Be Dismissed.**

Plaintiff sufficiently pled the extreme and outrageous nature of Bauer Defendants' publications concerning Plaintiff's allegations of sexual abuse, and his claims should not be dismissed.  See Compl. ¶¶ 121-125.  To establish an outrage claim, a plaintiff must demonstrate: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was likely the result of his conduct; (2) the conduct was "extreme and outrageous," "beyond all possibly bounds of decency," and "utterly intolerable in a civilized community"; (3) the actions of the defendant were the cause of plaintiff's distress; and (4) The emotional distress sustained by the plaintiff was so severe no reasonable person could expect to endure it.  *See Cannady v. St. Vincent Infirmary Med. Ctr.*, 2012 Ark. 369, 423 S.W.3d 548, 554-55 (2012); *See also McQuay v. Guntharp*, 963 S.W.2d 583, 585 (Ark. 1998); Ark. Model Jury Instr. Civil § 401.

The type of conduct that meets the standard for a claim of outrage is determined on a case-by-case basis.  *McQuay*, 963 S.W.2d at 585.  The Arkansas Supreme Court recognizes "the tort of outrage should not and does not open the doors to the courts to every slight insult or indignity one must endure in life." *Travelers Ins. Co. v. Smith*, 338 Ark. 81, 89 (1999).  To

illustrate, in *Stanley*, the court found that publishing a photograph of plaintiffs engaged in a blindfolded condom-fitting contest was not "'intolerable in a civilized community' or beyond all possible bounds of decency, especially considering the strict approach the Arkansas Supreme Court has taken in denying outrage claims." *Stanley*, 149 F.Supp. 2d at 708.

Here, in stark contrast to *Stanley*, the allegations against Plaintiff were contained in the protected records of investigation of the Offense Report and Incident Reports, and Plaintiff had a reasonable expectation of privacy in the statements made in the course of the investigation in 2006 while the parties were minors. *Id.* ¶¶ 4, 5, 47.  Information about the alleged sexual offenses was recorded in connection with the FINS case, and Arkansas law and Judge Zimmerman's orders mandated privacy and confidentiality.  *Id.* ¶¶ 4, 5, 7, 47; *See also* A.C.A. § 16-90-1104(b), A.C.A. § 12-18-101 *et seq.* and A.C.A. § 9-27-301 *et seq.*  Further, as a result of *In Touch Weekly*'s publication of the Reports, Plaintiff's life was thrown into turmoil and the legitimate public policy purpose that juvenile records should not intrude into adult lives was utterly defeated.  Notably, other news outlets, including The Associated Press and The Washington Post, and even some on social media refrained from publishing the police reports or any specific details from the Reports that could identify the victims, further showing that *In Touch Weekly* acted with intent and beyond the bounds of decency.[5]

Plaintiff's claim for the tort of outrage is plausible as pled in the Complaint, and Bauer Defendants' motion to dismiss this claim fails.

### E. The Fair Report Privilege Does Not Apply, and Therefore Does Not Bar Plaintiff's Claims.

---

[5] https://www.washingtonpost.com/news/acts-of-faith/wp/2015/06/03/what-to-expect-from-the-fox-news-interview-with-josh-duggars-parents/?utm_term=.f6f3f719d965 http://www.theblaze.com/news/2015/06/03/sister-of-reality-star-josh-duggar-says-she-was-a-victim-but-defends-him/ http://atlanta.cbslocal.com/2015/06/03/josh-duggars-sister-says-she-was-victim-of-her-older-brother/

In their motion to dismiss, Bauer Defendants unfairly represent the purpose, intent, and parameters of the Fair Report Privilege.  Defendants cite *Butler v. Hearst-Arygyle Television, Inc.*, 49 S.W.3d 116 (Ark. 2001) as recognizing the fair report privilege as defined in the Restatement (Second) of Torts § 611.  MTD at 20.  First, the Arkansas Supreme Court's decision in *Butler* hinged on whether the fair report privilege barred plaintiff's claim for defamation. *Butler*, 49 S.W.3d at 470.  The very definition of the fair report privilege under the Restatement (Second) of Torts § 611, captioned "Report of Official Proceeding or Public Meeting," is quoted verbatim in *Butler*: "the privilege of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported."  *Butler*, 49 S.W.3d at 477-78.

Poignantly, in his Complaint, Plaintiff did not assert a defamation claim.  Further, the contents of the Offense Report and Incident Report were documented as part of a confidential FINS proceeding, not as part of an official public record or public meeting.  *See* Compl. ¶ 4.  Just as Judge Zimmerman recognized and so ordered, the Arkansas Juvenile Code and the Arkansas Child Maltreatment Act mandate confidentiality of the investigation.  *Id.* ¶ 72; *See also* A.C.A. § 16-90-1104(b), A.C.A. § 12-18-101 *et seq.* and A.C.A. § 9-27-301 *et seq.*  Besides Arkansas law protecting minors, the Arkansas FOIA statute mandates that any identifying information remain private.  A.C.A. § 25-19-105(b)(13).  Further, Bauer Defendants did not even possess documents responsive to their FOIA requests when they began publically disclosing private facts of Plaintiff's alleged sexual misconduct to the public.  *Id.* ¶¶ 6, 50-51.  Lurid details contained in the allegations of Plaintiff's sexual misconduct were recorded as confidential FINS proceedings not as part of the public record.  It was Bauer Defendants who publicized what had remained

private from 2002 until 2015.  *Id.* ¶¶ 5, 6, 50, 51.  The fair report privilege does not apply and does not bar Plaintiff's claims.

### IV. PLAINTIFF'S CLAIMS ARE NOT SUBJECT TO THE ARKANSAS ANTI-SLAPP STATUTE.

The Arkansas Anti-SLAPP statute does not apply to this case; therefore, it does not bar Plaintiff's claim.  Strategic lawsuits against public participation, or "SLAPPs" are civil actions filed against individuals in retaliation for simply exercising the right to tell the government what individuals "think, want, or believe in."  George W. Pring & Penelope Canan, *SLAPs Getting Sued for Speaking Out* 1 (1996).  Arkansas' Anti-SLAPP statutes are commonly known as the "Citizen Participation in Government Act" (hereinafter "the Act").  *See* Caleb Patterson, *Have I Been Slapped? Arkansas' Attempt to Curb Abusive Litigation: The Citizen Participation in Government Act*, 60 ARK. L. REV. 506, 520 (2007) (citing Ark. Code. Ann. §§ 16-63-502 *et seq*. (2005)).  The purpose of and public policy behind the statute is clear: "it is in the public interest to encourage participation by the citizens of the State of Arkansas in matters of public significance through the exercise of their constitutional rights of freedom of speech and the right to petition government for a redress of grievances."  A.C.A. § 16-63-502.  The Act provides a remedy for "any person making a privileged communication … in connection with an issue of public interest or concern shall be immune from civil liability, unless a statement or report was made with knowledge that it was false."  Ark. Code Ann. § 16-63-504.  Notably, "nothing in [the Act] shall affect or preclude the right of any party to any recovery otherwise authorized by common law, statute, or rule."  Ark. Code Ann. § 16-63-508.

The Act clearly does not apply to this case.  In no way is this lawsuit a civil action filed against an individual in retaliation for exercising the right to tell the government what they believe.  Bauer Defendants are not individuals, and its communications were neither privileged

nor to the government.  The purpose of the Act is to provide a sort of whistleblower remedy for individual citizens making privileged communications to the government about matters of public interest.  It is unequivocal that the Act does not preclude or abridge the rights of recovery afforded by common law, statute or rule.  Ark. Code Ann. § 16-63-508.  Bauer Defendants' argument is entirely without merit.  Plaintiff's claims against Bauer Defendants are plausible claims recognized by and actionable under Arkansas law.

### V. CONCLUSION

For the reasons articulated above, Plaintiff's claims taken as true are more than plausible; thus, this Court should deny Bauer Defendants' motion to dismiss.

Respectfully Submitted,

STORY LAW FIRM, PLLC

By___/s/ Gregory F. Payne_____
Travis W. Story (2008274)
Gregory F. Payne (2017008)
438 E. Millsap, Suite 103
Fayetteville, AR  72703
(479) 443-3700
Fax (479) 443-3701
travis@storylawfirm.com
greg@storylawfirm.com

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I, Gregory F. Payne, do hereby certify that on the 26th day of September, 2017, a true and correct copy of the above and foregoing Response in Opposition to Motion to Dismiss was filed with the Clerk via the CM/ECF system, which will send notification of filing to the following:

Robert Justin Eichmann
Harrington Miller Neihouse Kieklak PA
113 E. Emma Ave/P.O. Box 687
Springdale, AR 72764
jeichmann@arkansaslaw.com

Susan Keller Kendall
Kendall Drewyor Law Firm
3706 Pinnacle Hills Parkway, Suite 201
Rogers, AR 72758
skk@kendalllawfirm.com

Thomas N. Kieklak
Harrington, Miller & Kieklak, P.A.
113 E. Emma Ave/ P.O. Box 687
Springdale, AR 72765-6765
tkieklak@arkansaslaw.com

Cynthia W. Kolb
Cross, Gunter, Witherspoon & Galchus, P.
500 President Clinton Ave, Suite 200
Little Rock, AR 72201
ckolb@cgwg.com

Elizabeth Anne McNamara
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
lizmcnamara@dwt.com

Jamie Somoza Raghu
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
jamieraghu@dwt.com

Jason E. Owens
Rainwater, Holt & Sexton, P.A.
P.O. Box 17250
Little Rock, AR  72222-7250
(501) 868-2500
Fax (501) 868-2505
owens@rainfirm.com

Edwin Lee Lowther, Jr.
Wright Lindsey Jennings LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR  72201
(501) 371-0808
Fax (501) 376-9442

elowther@wlj.com

     /s/ Gregory F. Payne
     Gregory F. Payne